UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:22-cv-2229

THOMAS WARD and CYNTHIA WARD,

    Plaintiffs,

vs.

AMERICAN AIRLINES, INC., and MENZIES AVIATION U.S.A., INC.,

    Defendants.
_____/

## NOTICE OF REMOVAL OF A CIVIL ACTION

Defendant, American Airlines, Inc. ("American"), by and through its attorneys, Morgan & Akins, PLLC, pursuant to 28 U.S.C. §§1332(a), 1441(a), and 1446, gives notice of its removal of this action from the Circuit Court for the Eighteenth Judicial Circuit, Brevard County, Florida, to the United States District Court for the Middle District of Florida. As grounds for removal, American states as follows:

**I.**     **BACKGROUND**

1. Plaintiffs, Thomas Ward and Cynthia Ward (the "Wards"), filed the present personal injury action in the Eighteenth Judicial Circuit, Brevard County, Florida, Case No. 05-2022-CA-050503, against American and a second defendant, Menzies Aviation U.S.A., Inc. ("Menzies"). Copies of all process, pleadings and orders served upon American are attached as Exs. A through D, in accordance with 28 U.S.C. §1446(a).[1]

---

[1] The documents have been separated in accordance with the parameters imposed by the United States District Court for the Middle District of Florida. Exhibit A is the Complaint; Ex. B is the Answer; Exhibit C is the Docket; and Exhibit D is the remaining pleadings required to be filed.

2. This personal injury action arises from an incident at the Melbourne Orlando International Airport where Thomas Ward was allegedly injured. (Ex. A, Compl.).

3. When the action was commenced, complete diversity existed by and between the parties. The Wards are citizens and residents of Massachusetts. (Ex. A, ¶2). American is a Delaware corporation with its principal place of business in Fort Worth, Texas. (Ex. A, ¶3; Ex. E, American FL. Sunbiz Entity Detail). Menzies is a Delaware corporation with its principal place of business in Fort Worth Texaz. (Ex. A, ¶4; Ex. F, Menzies FL. Sunbiz Entity Detail).

4. Accordingly, due to the claims asserted and the complete diversity of the parties, American seeks to remove this action to the United States District Court for the Middle District of Florida.

## II.     REMOVAL IS PROPER PURSUANT TO 28 U.S.C. §§1332(a) and 1441

5. This Court has original jurisdiction over this action, and the action may be removed to this Court pursuant to 28 U.S.C. §§1332(a) and 1441(a), because: (i) this Notice has been timely filed; (ii) there is complete diversity between the parties; and (iii) the Wards' claims are alleged to exceed the sum of $75,000.00.

### A.     Notice of Removal is Timely and Procedurally Proper

6. The Wards' Complaint, filed on October 25, 2022, alleged an action for damages exceeding $30,000.00, the jurisdictional minimum for Florida's Circuit Courts. (Ex. A, ¶1). The Complaint was served upon American on November 2, 2022. (Ex. G, Proof of Service).

7. This Notice has been filed within thirty (30) days of American being served and confirmation that the amount in controversy requirement has been satisfied. See 28 U.S.C. §1446(b)(3). This Notice has been filed prior to the expiration of the thirty (30) days referenced in the statute, which expires on December 2, 2022.

    **B.**    **There is Complete Diversity Between the Parties**

8.    Section 1332(a) provides that the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §1332(a).

9.    For diversity purposes, corporations are considered to be citizens of the states in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. §1332(c)(1).

10.    As the Wards acknowledged, American is not a Florida citizen. (Ex. A, ¶3).

11.    As the Wards acknowledged, Menzies is not a Florida citizen. (Ex. A, ¶4).

12.    Pursuant to statute, American is a citizen of Delaware and Texas; it is a Delaware corporation with its principal place of business in Fort Worth, Texas. (Ex. A, ¶3; Ex. E).

13.    Pursuant to statute, American is a citizen of Delaware and Texas; it is a Delaware corporation with its principal place of business in Fort Worth, Texas. (Ex. A, ¶4; Ex. F).

14.    The Wards are citizens of the state of Massachusetts. The Wards have alleged that they are citizens and resident of Massachusetts. (Ex. A, ¶2). It is well established that residence is *prima facie* evidence of a party's domicile and, by extension, citizenship. See *Katz v. J.C. Penny Corp., Inc.*, No. 09-CV-60067, 2009 WL 1532129 (S.D. Fla. Jun. 1, 2019); citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954); *Deckers v. Kenneth W. Rose, Inc.*, 592 F. Supp. 25, 28 (M.D. Fla. 1984).

15.    Therefore, complete diversity exists.

    **C.**    **The Amount in Controversy Exceeds $75,000**

16.    In order to be removable based upon diversity, the amount in controversy must exceed $75,000.00, exclusive of interest, and costs. 28 U.S.C. §1332(a).

17. The amount in controversy in this case exceeds $75,000.00. The allegations contained in the Wards' complaint reflect that they are seeking damages for "permanent injuries," and that Thomas Ward lost earnings in the past and the ability to earn money in the future. (Ex. A, ¶16). These allegations, coupled with the Wards pre-suit demand for $250,000.00, and accompanying documentation reflecting medical expenses incurred, demonstrates that the amount in controversy exceeds the amount necessary to invoke the jurisdiction of this District Court.[2] (Ex. H, Aug. 12, 2020 Demand Ltr.).

18. Based upon the complaint's allegations, coupled with representations made by the Wards in their demand letter, the amount-in-controversy requirement has been satisfied. *Cf. Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) ("[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."); see also *Mick v. De Vilibiss Air Power Co.*, No. 6:10-cv-1390-Orl-28GJK, 2010 WL 5140849 (M.D. Fla. Dec. 14, 2010) (holding customer's pre-suit demand letter alleging damages of $175,000, was sufficient to establish an amount in controversy exceeding $75,000); *Katz v. J.C. Penney Corp., Inc.*, No. 09-CV-60067, WL 1532129 (Fla. S.D. Fla., June 1, 2009) (holding that jurisdiction amount had been met wherein Plaintiff's sought $58,995.78 in medical expenses and remainder of $16,004.22 could be accounted for in the plaintiff's allegations of future medical costs and for pain and suffering).

---

[2] A district court may consider a pre-suit demand letter in making its determination regarding satisfaction of the amount-in-controversy requirement. See *AAA Abachman Enters., Inc. v. Stanley Steemer Int'l, Inc.*, 268 F. App'x 864, 866 (11th Cir. 2008) (affirming district court's consideration of pre-suit demand letter on removal in concluding the amount-in-controversy requirement was satisfied); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213–14 (11th Cir. 2007) (district court may consider the notice of removal and accompanying documents when deciding upon a motion to remand); *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001) (district court may consider evidence outside of the removal petition if the facts existed at the time of the removal); *Katz v. J.C. Penney Corp.*, No. 09-cv-60067, 2009 WL 1532129, at *4 (S.D. Fla. June 1, 2009) ("Therefore, pre-suit settlement offers and demands may be considered in evaluating whether a case has been properly removed.").

### III. THE PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN OR WILL BE COMPLETED

19. Pursuant to and in accordance with §1446(b)(2)(A), all remaining defendants (Menzies), consent to the removal of this action. (Ex. I, Menzies' Consent).

20. Pursuant to the procedural requirements for removal set forth in 28 U.S.C. §1446(d), American will file a Notice of Filing Notice of Removal with the Clerk of Court for the Eighteenth Judicial Circuit, in and for Brevard County, Florida, and will provide written notice of this Removal to all parties via e-service.

21. As stated above, true and correct copies of all documents filed in the state action have been filed as required by statute. See 28 U.S.C. §1447(b); see also Exs. A through D.

22. Venue is this Court is proper pursuant to 28 U.S.C. §1441(a), as this action is being removed from the state court in which it was originally filed – the Circuit Court for the Eighteenth Judicial Circuit, in and for Brevard County, Florida – to the District Court of the United States for the district and division in which such action is pending, the Middle District of Florida.

### IV. CONCLUSION

American has satisfied the requirements of removal jurisdiction under 28 U.S.C. §1332(a) and this action is removable to this Court pursuant to 28 U.S.C. §§1441(a) and 1446

[REMAINDER OF PAGE INTENTIONALLY BLANK]

Respectfully submitted,

*/s/ Patrick K. Dahl*
Patrick K. Dahl, Esquire (084109)
pdahl@morganakins.com
Florida Bar No. 084109
MORGAN & AKINS, PLLC
Attorneys for American Airlines, Inc.
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (754) 255-3010
Fax: (215) 600-1303

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on December 2, 2022, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

   /s/ Patrick K Dahl
Patrick K. Dahl, Esquire

## SERVICE LIST

Louis J. Muggeo, Esq.
LOUIS J. MUGGEO & ASSOCIATES
133 Washington Street
Salem, MA  01970
lmuggeo@ljmassoc.com

John Maggio, Esq.
Eli G. Burton, Esq.
Condon & Forsyth, LLP
701 Brickell Avenue
Suite 1550
Miami, FL  33131
jmaggio@condonlaw.com
eburton@condonlaw.com