# EXHIBIT A

IN THE CIRCUIT COURT OF THE 18TH JUDICIAL CIRCUIT IN AND FOR BREVARD COUNTY, FLORIDA

CASE NO.:

THOMAS WARD and CYNTHIA WARD )
    Plaintiffs, )
 )
VS. )
 )
AMERICAN AIRLINES, INC. and )
MENZIES AVIATION U.S.A. INC. )
    Defendants. )

# COMPLAINT

The Plaintiffs sue the Defendants and state:

1. This is an action for damages in excess of the jurisdictional limits of this Court.

2. Plaintiffs, Thomas Ward and Cynthia Ward are residents of North Andover, Essex County, Massachusetts.

3. Defendant, American Airlines, Inc. ("American") is a foreign corporation which, pursuant to F.S. § 48.193, is subject to the jurisdiction of the State of Florida in that American: (a) operated, conducted, engaged in, or carried on a business or business venture in the State of Florida and/or has an office or agency in this state; (b) committed a tortious act within this state; and/or (c) engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

4. Defendant, Menzies Aviation U.S.A. Inc ("Menzies") is a foreign corporation which, pursuant to F. S. § 48.193, is subject to the jurisdiction of the State of Florida in that Menzies: (a) operated, conducted, engaged in, or carried on a business or business venture in the State of Florida and/or has an office or agency in this state; (b) committed a tortious act within this state; and/or (c) engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

## GENERAL ALLEGATIONS

5. American is a major airline of the United States and is headquartered in Ft. Worth, Texas. American operates scheduled flights throughout the United States and other countries.

6.  Menzies is an aviation services company which provides ground services, which include but are not limited to passenger services. Those passenger services include the check in and boarding of disabled and handicapped passengers, such as Thomas Ward. Menzies represents that it provides "safe and efficient aviation services, for every customer, every time."

7.  American and Menzies had a duty to provide safe and efficient wheelchair transport for mobility impaired passengers, such as the Plaintiff, Thomas Ward, consistent with the provisions of the Air Carrier Access Act (ACAA), 29 U.S.C. § 1374 c

8.  On or about August 8, 2019, Thomas Ward and Cynthia Ward were booked passengers on American Airlines, traveling from Melbourne, Florida (MLB) to Boston with a changeover occurring at Charlotte, North Carolina (CLT). The Melbourne to Charlotte segment was AA flight # 5621.

9.  At all times material to the within complaint Thomas Ward was partially disabled and required the use of a wheelchair.

10. In this respect, Plaintiff, Cynthia Ward provided advance notice to American for handicap service on behalf of Thomas Ward.

11. Upon check in at MLB, American had a designated handicap service employee from Menzies with a wheelchair to transport Thomas Ward to the aircraft and assist with boarding on flight # 5621.

12. Thomas Ward was seated in the wheelchair and was being pushed by the Menzies employee. As he was being wheeled to the aircraft, the Menzies employee, carelessly and negligently, operated the wheelchair causing Thomas Ward to strike his right leg against the door of the aircraft.

## COUNT I
## NEGLIGENCE – AMERICAN AIRLINES

13. The Plaintiffs reallege and adopt by reference herein paragraphs 1 through 12 above.

14. At all times material to this Complaint, American, by and through its agents, servants, employees and other personnel were acting within the course and scope of their employment and owed one or more of the following duties to Thomas Ward.

    a. To exercise reasonable care and provide for the health, safety and welfare of its handicapped passengers, including Thomas Ward;
    b. Teach and instruct the proper technique for wheelchair services; and
    c. Provide safe and efficient wheelchair transport for mobility impaired passengers, such as the Plaintiff, Thomas Ward, consistent with the provisions of the Air Carrier Access Act (ACAA),

2

15. Notwithstanding its duties, American, by and through its agents, servants, employees, and other personnel acting within the course and scope of their employment, were negligent and breached its duties to Thomas Ward in particular in one or more of the following respects.

    a. Failed to exercise reasonable care and provide for the health, safety, and welfare of Thomas Ward in moving his wheelchair; and
    b. Negligently instructed its agents and employees in the proper technique and form to move the wheelchair.

16. As a direct and proximate result of the aforementioned acts of negligence by American, the Plaintiff, Thomas Ward suffered bodily injuries and resulting pain and suffering, disability, mental anguish, aggravation of pre-existing bodily conditions, loss of the capacity for the enjoyment of life, past and future expense of hospitalization, past and future medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, loss of future earning capacity and other compensable damages. These losses are either permanent or continuing and the Plaintiff will continue to suffer losses in the future.

    **WHEREFORE,** the Plaintiff Thomas Ward demands judgment be entered against the Defendant American Airlines, Inc. for damages, costs of suit, prejudgment and post-judgment interest, and for such other and further relief as the Court may deem necessary and proper.

## COUNT II
## NEGLIGENT SUPERVISION – AMERICAN AIRLINES

17. The Plaintiffs reallege and adopt by reference herein paragraphs 1 through 16 above.

18. At all times material to this Complaint, American, by and through its agents, servants, employees, and other personnel were acting within the course and scope of their employment, and owed one or more of the following duties to Thomas Ward, in particular:

    a. To exercise reasonable care and provide for the health, safety, and welfare of all persons using handicap services;
    b. To supervise and ensure that certain precautions were taken so as to avoid injury to persons using handicap services;
    c. To implement proper procedures, precautions, rules and regulations concerning the assistance of persons using handicap services;
    d. To provide for proper and/or sufficient supervision for all persons using handicap services;
    e. To properly supervise and monitor the activities and conduct of its agents and employees with respect to person using handicap services; and
    f. To provide safe and efficient wheelchair transport for mobility impaired passengers, such as the Plaintiff, Thomas Ward, consistent with the provisions of the Air Carrier Access Act (ACAA),

19. Notwithstanding its duties, American, by and through its agents, servants, employees, administrators, and other personnel acting within the course and scope of their employment, was negligent and breached its duties to Thomas Ward in one or more of the following respects:

    a. Failed to exercise reasonable care and provide for the health, safety, and welfare of Thomas Ward;
    b. Failed to supervise and ensure that certain precautions were taken so as to avoid injury to Thomas Ward;
    c. Failed to implement proper procedures, precautions, rules and/or regulations concerning the assistance of persons using handicap services;
    d. Failed to provide for proper and/or sufficient supervision with respect to person using handicap services;
    e. Failed to properly supervise and monitor the activities and conduct of its agents and employees with respect to persons using handicap services;
    f. Failed to ensure that Menzies was competent and able to provide safe handicap services; and
    g. Failed to provide safe and efficient wheelchair transport for mobility impaired passengers, such as the Plaintiff, Thomas Ward, consistent with the provisions of the Air Carrier Access Act (ACAA),

20. As a direct and proximate result of the aforementioned acts of negligence by American, the Plaintiff, Thomas Ward suffered bodily injuries and resulting pain and suffering, disability, mental anguish, aggravation of pre-existing bodily conditions, loss of the capacity for the enjoyment of life, past and future expense of hospitalization, past and future medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, loss of future earning capacity and other compensable damages. These losses are either permanent or continuing and the Plaintiff will continue to suffer losses in the future.

    **WHEREFORE,** the Plaintiff Thomas Ward demands judgment be entered against the Defendant American Airlines, Inc. for damages, costs of suit, prejudgment and post-judgment interest, and for such other and further relief as the Court may deem necessary and proper.

## COUNT III
## LOSS OF CONSORTIUM

21. The Plaintiffs reallege and adopt by reference herein paragraphs 1 through 20 above.

22. At all times material, Plaintiff, Cynthia Ward was the spouse of Thomas Ward.

23. As a direct and proximate result of the negligence of American and the damages and injuries suffered by Thomas Ward, Plaintiff, Cynthia Ward has suffered a loss of consortium, society and companionship of her husband.

    **WHEREFORE,** the Plaintiff Cynthia Ward request that judgment be entered against the Defendant American Airlines, Inc. for monetary damages, costs of suit, prejudgment and post-judgment interest, and such other and further relief as the Court may deem necessary and proper under the circumstances.

## COUNT IV
## NEGLIGENCE – MENZIES AVIATION

24. The Plaintiffs reallege and adopt by reference herein paragraphs 1 through 23 above.

25. At all times material to this Complaint, Menzies, by and through its agents, servants, employees, and other personnel were acting within the course and scope of their employment and owed one or more of the following duties to Thomas Ward.

   a. to exercise reasonable care and provide for the health, safety and welfare of its handicapped passengers, including Thomas Ward;
   b. to teach each and instruct the proper technique and form for wheelchair services; and
   c. to provide safe and efficient wheelchair transport for mobility impaired passengers, such as the Plaintiff, Thomas Ward, consistent with the provisions of the Air Carrier Access Act (ACAA),

26. Notwithstanding its duties, Menzies, by and through its agents, servants, employees, and personnel acting with the course and scope of their employment, was negligent and breached its duties to Thomas Ward in particular in one or more of the following respects.

   a. Failed to exercise reasonable care and provide for the health, safety, and welfare of Thomas Ward in moving his wheelchair;
   b. Negligently instructed its employee in the proper technique and form to move the wheelchair; and
   c. Failed to provide safe and efficient passenger services for Thomas Ward; and
   d. Failed to provide safe and efficient wheelchair transport for mobility impaired passengers, such as the Plaintiff, Thomas Ward, consistent with the provisions of the Air Carrier Access Act (ACAA),

27. As a direct and proximate result of the aforementioned acts of negligence by Menzies, the Plaintiff, Thomas Ward suffered bodily injuries and resulting pain and suffering, disability, mental anguish, aggravation of pre-existing bodily conditions, loss of the capacity for the enjoyment of life, past and future expense of hospitalization, past and future medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, loss of future earning capacity and other compensable damages. These losses are either permanent or continuing and the Plaintiff will continue to suffer losses in the future.

   **WHEREFORE,** the Plaintiff Thomas Ward requests that judgment be entered against the Defendant Menzies Aviation U.S.A. Inc. for monetary damages, costs of suit, prejudgment and post-judgment interest, and such other and further relief as the Court may deem necessary and proper under the circumstances.

## COUNT IV
## LOSS OF CONSORTIUM

28. The Plaintiffs reallege and adopt by reference herein paragraphs 1 through 27 above.

29. At all times material, Plaintiff, Cynthia Ward was the spouse of Thomas Ward.

5

30. As a direct and proximate result of the damages and injuries suffered by Thomas Ward, Plaintiff, Cynthia Ward has suffered loss of consortium, society and companionship of her husband.

**WHEREFORE,** the Plaintiff Cynthia Ward requests that judgment be entered against the Defendant Menzies Aviation U.S.A. Inc. for monetary damages, costs of suit, prejudgment and post-judgment interest, and such other and further relief as the Court may deem necessary and proper under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs, Thomas Ward and Cynthia Ward pursuant to Rule 1.430 Fla. R. Civ. P. demand a trial by jury for all issues so triable.

Respectfully submitted,

LOUIS J. MUGGEO & ASSOCIATES
Attorneys for the Plaintiffs
133 Washington Street
Salem, MA  01970
(978) 741-1177
(978) 832-1177 - Facsimile

Dated:  October 25, 2022

*/s/ Louis J. Muggeo*
By:  Louis J. Muggeo, Esq.
Florida Bar #0656054
lmuggeo@ljmassoc.com