# EXHIBIT B

IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

THOMAS WARD and CYNTHIA WARD,

    Plaintiffs,

vs.

AMERICAN AIRLINES, INC., and MENZIES AVIATION U.S.A. INC.,

    Defendants.
_____/

CIRCUIT CIVIL DIVISION

CASE NO. 05-2022-CA-050503

## AMERICAN'S ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant, American Airlines, Inc. ("American"), by and through its attorneys, Morgan & Akins, PLLC, states by way of Answer to the "Complaint," filed by Thomas Ward and Cynthia Ward, filed on October 25, 2022, and served upon American on November 2, 2022, as follows:

    1.    This is an action for damages in excess of the jurisdictional limits of this Court.

**ANSWER:** American states only that Plaintiffs have made a jurisdictional allegation for which no answer is required. To the extent than an answer is deemed necessary, American denies that Plaintiffs are entitled to any recovery from it whatsoever and, therefore, denies the allegations, characterizations, and legal conclusions contained at paragraph 1.

    2.    Plaintiffs, Thomas Ward and Cynthia Ward are residents of North Andover, Essex County, Massachusetts.

**ANSWER:** American lacks information sufficient to form a knowledge or belief as to the truth or falsity of the allegations contained at paragraph 2 and, therefore, neither admits nor denies same.

    3.    Defendant, American Airlines, Inc. ("American"), is a foreign corporation which, pursuant to F.S. §48.193, is subject to the jurisdiction of the State of Florida in that American: (a) operated, conducted, engaged in, or carried on a business or business venture

> in the State of Florida and/or has an office or agency in this state; (b) committed a tortious act within this state; and/or (c) engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

**ANSWER:** American states only that it is not contesting this Courts authority or ability to exercise personal jurisdiction over it. Further responding, American denies the remaining allegations, characterizations, and legal conclusions contained at paragraph 3.

> 4. Defendant, Menzies Aviation U.S.A. Inc ("Menzies") is a foreign corporation which, pursuant to F.S. §48.193, is subject to the jurisdiction of the State of Florida in that Menzies: (a) operated, conducted, engaged in, or carried on a business or business venture in the State of Florida and/or has an office or agency in this state; (b) committed a tortious act within this state; and/or (c) engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this state, whether or not the claim arises from that activity.

**ANSWER:** American lacks information sufficient to form a knowledge or belief as to the truth or falsity of the allegations contained at paragraph 4 and, therefore, neither admits nor denies same.

## GENERAL ALLEGATIONS

> 5. American is a major airline of the United States and is headquartered in Ft. Worth, Texas. American operates scheduled flights throughout the United States and other countries.

**ANSWER:** American admits the allegations contained at paragraph 5.

> 6. Menzies is an aviation services company which provides ground services, which include but are not limited to passenger services. Those passenger services include the check in and boarding of disabled and handicapped passengers, such as Thomas Ward. Menzies represents that it provides "safe and efficient aviation services, for every customer, every time."

**ANSWER:** American lacks information sufficient to form a knowledge or belief as to the truth or falsity of the allegations contained at paragraph 6 and, therefore, neither admits nor denies same.

CASE NO. 05-2022-CA-050503

       7.    American and Menzies had a duty to provide safe and efficient wheelchair transport for mobility impaired passengers, such as the Plaintiff, Thomas Ward, consistent with the provisions of the Air Carrier Access Act (ACCAA), 29 U.S.C. §1374 c.

**ANSWER:** American admits all duties imposed by law. Further responding, American denies that paragraph 7 fairly, completely, or accurately describes any duties due and owing to Plaintiff, denies breaching any such duties due and owing to Plaintiff and, therefore, denies the remaining allegations, characterizations, and legal conclusions contained at paragraph 7.

       8.    On or about August 8, 2019, Thomas Ward and Cynthia Ward were booked passengers on American Airlines, traveling from Melbourne, Florida (MLB) to Boston with a changeover occurring at Charlotte, North Carolina (CLT). The Melbourne to Charlotte segment was AA flight #5621.

**ANSWER:** American admits the allegations contained at paragraph 8.

       9.    At all times material to the within complaint Thomas Ward was partially disabled and required the use of a wheelchair.

**ANSWER:** American lacks information sufficient to form a knowledge or belief as to the truth or falsity of the allegations contained at paragraph 9 and, therefore, neither admits nor denies same.

       10.    In this respect, Plaintiff, Cynthia Ward provided advanced notice to American for handicap service on behalf of Thomas Ward.

**ANSWER:** American admits that Cynthia Ward made certain requests in advance of the Wards scheduled travel. To the extent that the allegations contained at paragraph 10 conflict with those requests, they are denied.

       11.    Upon check in at MLB, American had a designated handicap service employee from Menzies with a wheelchair to transport Thomas Ward to the aircraft and assist with boarding on flight #5621.

**ANSWER:** American denies the allegations and characterizations contained at paragraph 11, as phrased.

  12. Thomas Ward was seated in the wheelchair and was being pushed by the Menzies employee. As he was being wheeled to the aircraft, the Menzies employee, carelessly and negligently, operate the wheelchair causing Thomas Ward to strike his right legt against the door of the aircraft.

**ANSWER:** American denies the allegations, characterizations, and legal conclusions contained at paragraph 12.

## COUNT I
## NEGLIGENCE – AMERICAN AIRLINES

  13. The Plaintiffs reallege and adopt by reference herein paragraphs 1 through 12 above.

**ANSWER:** American adopts and incorporates by reference its answers to paragraphs 1 through 12, above, as and for its answer to paragraph 13 of this Count I as though fully set forth herein.

  14. At all times material to this Complaint, American, by and through its agents, servants, employees and other personnel were acting within the course and scope of their employment and owed on ore more of the following duties to Thomas Ward.

    a. To exercise reasonable care and provide for the health, safety and welfare of its handicapped passengers, including Thomas Ward;

    b. Teach and instruct the proper technique for wheelchair services; and

    c. Provide safe and efficient wheelchair transport for mobility impaired passengers, such as the Plaintiff, Thomas Ward, consistent with the provisions of the Air Carrier Access Act (ACAA).

**ANSWER:** American admits all duties imposed by law. Further responding, American denies that paragraph 14, including sub-paragraphs a. through c., fairly, completely, or accurately describes any duties due and owing to Plaintiff, denies breaching any such duties due and owing

to Plaintiff and, therefore, denies the remaining allegations, characterizations, and legal conclusions contained at paragraph 14, including sub-paragraphs a. through c.

15. Notwithstanding its duties, American, by and through its agents, servants, employees, and other personnel acting within the course and scope of their employment, were negligent and breached its duties to Thomas Ward in particular in one or more of the following respects.

    a. Failed to exercise reasonable care and provide for the health, safety, and welfare of Thomas Ward in moving his wheelchair; and

    b. Negligently instructed its agents and employees in the proper technique and form to move the wheelchair.

**ANSWER:** American denies the allegations, characterizations, and legal conclusions contained at paragraph 15, including sub-paragraphs a. and b.

16. As a direct and proximate result of the aforementioned acts of negligence by American, the Plaintiff, Thomas Ward suffered bodily injuries and resulting pain and suffering, disability, mental anguish, aggravation of pre-existing bodily conditions, loss of capacity for the enjoyment of life, past and future expense of hospitalization, past and future medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, loss of future earning capacity and compensable damages. These losses are either permanent or continuing and the Plaintiff will continue to suffer losses in the future.

**ANSWER:** American denies the allegations, characterizations, and legal conclusions contained at paragraph 16.

WHEREFORE, Defendant, American Airlines, Inc., denies that Plaintiff is entitled to any recovery from it whatsoever and prays that this Court enters judgment in its favor and against the Plaintiff, Thomas Ward.

## COUNT II
## NEGLIGENT SUPERVISION – AMERICAN AIRLINES

17. The Plaintiffs reallege and adopt by reference herein paragraphs 1 through 16, above.

CASE NO. 05-2022-CA-050503

**ANSWER:** American adopts and incorporates by reference its answers to paragraphs 1 through 16, above, as and for its answer to paragraph 17 of this Count II as though fully set forth herein.

18. At all times material to this Complaint, American, by and through its agents, servants, employees, and other personnel were acting within the course and scope of their employment, and owned one or more of the following duties to Thomas Ward, in particular:

    a. To exercise reasonable care and provide for the health, safety, and welfare of all persons using handicap services;
    b. To supervise and ensure that certain precautions were taken so as to avoid injury to persons using handicap services;
    c. To implement proper procedures, precautions, rules and regulations concerning the assistance of persons using handicap services;
    d. To provide for proper and/or sufficient supervision for all persons using handicap services;
    e. To properly supervise and monitor the activities and conduct of its agents and employees with respect to persons using handicap services; and
    f. To provide safe and efficient wheelchair transport for mobility impaired passengers, such as the Plaintiff, Thomas Ward, consistent with the provisions of the Air Carrier Access Act (ACAA),

**ANSWER:** American admits all duties imposed by law. Further responding, American denies that paragraph 18, including sub-paragraphs a. through f., fairly, completely, or accurately describes any duties due and owing to Plaintiff, denies breaching any such duties due and owing to Plaintiff and, therefore, denies the remaining allegations, characterizations, and legal conclusions contained at paragraph 18, including sub-paragraphs a. through f.

19. Notwithstanding its duties, American, by and through its agents, servants, employees, administrators, and other personnel acting within the course and scope of their employment, was negligent and breached its duties to Thomas Ward in one or more of the following respects:

6

      a.    Failed to exercise reasonable care to provide for the health, safety, and welfare of Thomas Ward;

      b.    Failed to supervise and ensure that certain precautions were taken so as to avoid injury to Thomas Ward;

      c.    Failed to implement proper procedures, precautions, rules and/or regulations concerning the assistance of persons using handicap services;

      d.    Failed to provide for proper and/or sufficient supervision with respect to person [sic] using handicap services;

      e.    Failed to properly supervise and monitor the activities and conduct of its agents and employees with respect to persons using handicap services;

      f.    Failed to ensure that Menzies was competent and able to provide safe handicap services; and

      g.    Failed to provide safe and efficient wheelchair transport for mobility impaired passengers, such as the Plaintiff, Thomas Ward, consistent with the provisions of the Air Carrier Access Act (ACAA),

**ANSWER:** American denies the allegations, characterizations, and legal conclusions contained at paragraph 19, including sub-paragraphs a. through g.

    20.    As a direct and proximate result of the aforementioned acts of negligence by American, the Plaintiff, Thomas Ward suffered bodily injuries and resulting pain and suffering, disability, mental anguish, aggravation of pre-existing bodily conditions, loss of the capacity for the enjoyment of life, past and future expense of hospitalization, past and future medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, loss of future earning capacity and other compensable damages. These losses are either permanent or continuing and the Plaintiff will continue to suffer losses in the future.

**ANSWER:** American denies the allegations, characterizations, and legal conclusions contained at paragraph 20.

WHEREFORE, Defendant, American Airlines, Inc., denies that Plaintiff is entitled to any recovery from it whatsoever and prays that this Court enters judgment in its favor and against the Plaintiff, Thomas Ward.

CASE NO. 05-2022-CA-050503

## COUNT III
## LOSS OF CONSORTIUM

21. The Plaintiffs reallege and adopt by reference herein paragraphs 1 through 20 above.

**ANSWER:** American adopts and incorporates by reference its answers to paragraphs 1 through 20, above, as and for its answer to paragraph 21 of this Count III as though fully set forth herein.

22. At all times material, Plaintiff, Cynthia Ward was the spouse of Thomas Ward.

**ANSWER:** American lacks information sufficient to form a knowledge or belief as to the truth or falsity of the allegations contained at paragraph 22 and, therefore, neither admits nor denies same.

23. As a direct and proximate result of the negligence of American and the damages and injuries suffered by Thomas Ward, Plaintiff, Cynthia Ward has suffered a loss of consortium, society and companionship of her husband.

**ANSWER:** American denies the allegations, characterizations, and legal conclusions contained at paragraph 23.

WHEREFORE, Defendant, American Airlines, Inc., denies that Plaintiff is entitled to any recovery from it whatsoever and prays that this Court enters judgment in its favor and against the Plaintiff, Cynthia Ward.

## COUNT IV
## NEGLIGENCE – MENZIES AVIATION

American states that Count IV is neither directed against nor seeks relief from it and, therefore, no answer is made thereto. To the extent that an answer is deemed necessary, American denies the allegations, characterizations, and legal conclusions contained at Count IV, including paragraphs 24 through 27.

## COUNT IV [sic.]
## NEGLIGENCE – MENZIES AVIATION

American states that Count IV [sic.] is neither directed against nor seeks relief from it and, therefore, no answer is made thereto. To the extent that an answer is deemed necessary, American denies the allegations, characterizations, and legal conclusions contained at Count IV [sic.], including paragraphs 28 through 30.

## AFFIRMATIVE DEFENSES

Without prejudice to its previous denials, and without waiving Plaintiffs, Thomas Ward and Cynthia Ward's obligation to present evidence regarding the elements necessary to sustain any of their claims, Defendant, American Airlines, Inc. ("American"), states by way of its affirmative defenses, as follows:

1. At the time and place alleged in the Complaint, Thomas Ward was guilty of negligence and/or assumed the risk which proximately caused or proximately contributed to any injuries or damages which Thomas Ward sustained, if any, and therefore, any award to which Thomas Ward may be entitled should be either barred or reduced proportionately pursuant to the doctrine of comparative negligence.

2. At the time and place alleged in the Complaint, Thomas Ward was guilty of negligence and/or assumed the risk which proximately caused or proximately contributed to any injuries or damages which Cynthia Ward sustained, if any, and therefore, any award to which Cynthia Ward may be entitled should be either barred or reduced proportionately pursuant to the doctrine of comparative negligence.

3. American states that it is entitled to all setoffs and limitations of liability pursuant to the doctrine of comparative fault, including but not limited to the provisions of Florida Statute Section 768.81.

4. If there was any negligence that caused or contributed to Thomas Ward or Cynthia Ward's alleged injuries, it was solely the result of negligence on the part of third parties who were not under the care, custody, control or supervision of American, and therefore, Thomas Ward and Cynthia Ward cannot recover against it.

5. American states that Thomas Ward has failed to mitigate damages as required under Florida law and any such recovery should be proportionately reduced as a result of this failure.

6. American specifically claims any credit or set-off to which it may be entitled for any and all payments paid or payable to Thomas Ward for any damages alleged in the Complaint from any collateral source whatsoever.

7. American did not have actual nor constructive notice of any allegedly dangerous condition prior to the time of the subject incident.

8. Thomas Ward and Cynthia Ward's claims may be preempted in whole or in part by federal and/or state statutes and/or regulations, as well as multinational treatises.

9. American hereby reserves the right, upon completion of its investigation and discovery, to file such additional defenses, affirmative defenses, counterclaims and/or third-party complaints as may be appropriate.

## JURY DEMAND

American Airlines, Inc., demands a trial by jury of all issues so triable as of right by a jury.

CASE NO. 05-2022-CA-050503

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Louis J. Muggeo, Esq., Lous J. Muggeo & Associates, 133 Washington Street, Salem, MA 01970; lmuggeo@ljmassoc.com.

*/s/ Patrick K. Dahl*
Patrick K. Dahl, Esquire
Florida Bar No. 084109
MORGAN & AKINS, PLLC
Attorneys for American Airlines, Inc.
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (773) 209-5463
Fax: (215) 600-1303
pdahl@morganakins.com

11