# EXHIBIT D

IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY, FLORIDA

CASE NO.:

| | |
|---|---|
| THOMAS WARD and CYNTHIA WARD | ) |
|     Plaintiffs, | ) |
| | ) |
| VS. | ) |
| | ) |
| AMERICAN AIRLINES, INC. and | ) |
| MENZIES AVIATION U.S.A. INC. | ) |
|     Defendants. | ) |

IN RE: CIVIL CASE MANAGEMENT PLAN AND
ORDER

## CASE MANAGEMENT PLAN

### (GENERAL)

**The parties are to meet, review, and discuss the Case Management Plan to agree upon dates according to the guidelines set forth in the above Case Management Plan. The parties are to sign the certification below and submit the proposed Case Management Order with the agreed upon dates to the Court for approval and signature. This is required to be submitted to the court or filed in the court file for approval of the Case Management Order.**

| | |
|---|---|
| 1. Date of First Response (i.e., Answer, Notice of appearance, Motion for Extension of Time, Motion to Dismiss) | 01/15/2021 |
| 2. Deadline for adding new parties, amendment of pleadings | 60 days since response date |
| 3. Deadline for Witness & Exhibit List (Witnesses MUST be listed by actual NAME of the witness, and not by designation (i.e., use of such designations as "Corporate Representative," "Records Custodian," "Adjustor," or "IME Doctor" standing alone is insufficient) | 60 days before Trial |
| 4. Deadline for Expert Disclosure | 150 days prior to projected trial date for Plaintiff |
| (Parties should furnish opposing counsel with the Names and addresses of all expert witnesses under Rule 1.390(a) to be called at trial and all information regarding expert testimony that is required by Rule 1.280(b)(5). Each party is limited to one expert per specialty. No other expert testimony should be permitted at trial. Information furnished pursuant to this paragraph should be timely filed with the Clerk of Court. | 120 days prior to projected trial date for Defendant |
| 5. Objections to pleadings | 150 days prior to projected trial date |
| 6. Deadline for Discovery Completion (including Depositions) | 30 days prior to projected trial date |
| 7. Deadline for Dispositive Motions, including *Daubert* Motions- Failure to do so shall constitute a waiver at Trial of any Daubert related evidence objection or issue Responsibility for scheduling of the Hearing shall be upon the party filing the Motion or Objection. | 30 days prior to projected trial date |
| 8. Deadline for Mediation: | 45 days prior projected trial date |
| 9. Trial Date | June 1, 2022 (Projected trial date) Jury Trial 5 days |

**I hereby certify that I have that all parties have met and conferred regarding all proposed dates for the Case Management Plan and Case Management Order and certify that all dates proposed in the Case Management Order have been agreed to by the parties.**

**Date:    October 26, 2022**

**Signature of Counsel and Unrepresented Parties. Counsel must state FL Bar number.
Unrepresented parties must include email address for service.**

\*Signature of Counsel/Pro Se Litigant for Plaintiff(s)\*

*/s/ Louis J. Muggeo, Esq.*

 Printed Name of Counsel/Pro Se Litigant

**Louis J. Muggeo, Esq.**
**Florida Bar No.:  0656054**
LMUGGEO@LJMASSOC.COM

\*Signature of Counsel/Pro Se litigant for Defendant(s)\*

Printed Name of Counsel/Pro Se Litigant

Florida Bar No.:
If Applicable Email Address:

IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY, FLORIDA

CASE NO.:

THOMAS WARD and CYNTHIA WARD     )
     Plaintiffs,                    )
                                       )

VS.                                  )
                                       )

AMERICAN AIRLINES, INC. and         )
MENZIES AVIATION U.S.A. INC.       )
     Defendants.                )

IN RE: CIVIL CASE MANAGEMENT PLAN
   AND ORDER

## CASE MANAGEMENT ORDER

       Pursuant to the dictates of Administrative Order AOSC20-23 of the Florida Supreme Court, and AO 21-24, Eighteenth Judicial Circuit, it is, hereby,

       **ADJUDGED** that the following deadlines are applicable to this action, and that same will be strictly applied by the Court:

       The projected date of trial for this matter is the trial docket beginning_____. A firm trial date will be ordered by the presiding judge when this matter is at issue and notice as to same is filed in accordance with Rule 1.440, Fla. R. Civ. P.

       Any request(s) for the addition of new parties, or amendments to the pleadings, shall be served within    days of the date of this Order.

       The fact witnesses of all parties shall be disclosed to all other parties no later than    days prior to the above projected trial date.

       All of Plaintiff's Expert Witnesses shall be disclosed to all other parties no later than    days prior to the above projected trial date. Defendant's Expert Witnesses shall be disclosed to all other parties within 30 days thereafter.

       All fact AND expert discovery shall be completed no later than days prior to the above projected trial date.

       All objections to the pleadings, and all pre-trial motions shall be resolved no later than    days prior to the above projected trial date.

13

Mediation shall be completed no later than_____days prior to the above projected trial date.

## ORDER

**THE COURT,** having reviewed the preceding Case Management Dates finding them to be satisfactory. Accordingly, it is hereby **ORDERED** that

**1. COMPLIANCE WITH THIS CASE MANAGEMENT ORDER:** The parties shall strictly comply with the terms of this Case Management Plan and Case Management Order unless otherwise ordered by the Court. FAILURE TO COMPLY WITH ALL REQUIREMENTS OF THIS ORDER WILL RESULT IN THE IMPOSITION OF SANCTIONS.

2.    **ADDITIONAL EIGHTEENTH CIRCUIT AND DIVISION SPECIFIC GUIDELINES:** All counsel and unrepresented parties shall familiarize themselves and comply with the requirements of the following: (i) **Amended Administrative Order Establishing the Eighteenth Judicial Circuit Courtroom Decorum Policy (AO 09-06)**; and (ii) **any division-specific guidelines and policies that may be applicable**.

3.    **MODIFICATION OF THIS ORDER:** The parties may not, individually or by agreement, alter or extend the deadlines in this Order, or waive any of the provisions of this Order. The provisions of this Order may be modified only upon motion/stipulation and Court order in accordance with applicable law.

4.    **NOTICES FOR TRIAL:** Within ten (10) days of the case being at issue as defined by Rule 1.440, Fla. R. Civ. P., or within ten (10) days from the date of this Order if the case has been at issue longer than ten (10) days, the Plaintiff shall confer with opposing counsel/party regarding the anticipated length of trial and file a Notice for Trial. The Plaintiff shall forward a copy of the Notice for Trial to the Case Manager at the email address noted on the Eighteenth Judicial Circuit website.

5.    **DISCOVERY:** All counsel and unrepresented parties shall familiarize themselves with the current edition of the Florida Handbook on Civil Discovery Practice and seek to resolve discovery issues without court intervention whenever possible.

6.    **SERVICE OF THIS ORDER:** Counsel is ordered to promptly serve and file proof with the Clerk, no more than five (5) business days from the date of this Order that all *pro se* parties, subsequently named or appearing herein, have been served copies of this Order. In the event a party is unrepresented and has not designated an email address for purposes of electronic service, counsel for Plaintiff shall be responsible for serving this Order and all future orders of the Court via a non-electronic means (U.S. mail, Federal Express or the equivalent) and shall file a Certificate of Service with the Court indicating who was served, the date of service, and the method of service (including any address or email used) within three (3) business days. If Plaintiff is unrepresented, Counsel for the Defendant shall have this same obligation. If all parties are unrepresented, the Plaintiff shall provide stamped addressed envelopes to the Court with submission of this and any other proposed Order.

7.    **SETTLEMENT:** *The case will not be removed from the docket until all documents necessary for closure of the case are filed with the Clerk and notification has been provided to the judicial assistant. A notice of settlement is not sufficient to remove the case from the trial docket.*

**DONE AND ORDERED** this _____ day of_____, 2021, in_____, _____County, Florida.

_____
CIRCUIT JUDGE

***A true and correct copy of the foregoing was distributed to all parties by filing and service via the eportal to all attorney(s)/interested parties identified on the eportal Electronic Service List.***

**If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator in your county at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 711**

Filing 159909626                    VS                    05-2022-CA-050503-XXXX-XX

THE CIRCUIT COURT OF THE 9th
IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY, FLORIDA

CASE NO.: 05-2022-CA-050503-XXXX-XX

THOMAS WARD and CYNTHIA WARD )
     Plaintiffs, )
      )
VS. )
      )
AMERICAN AIRLINES, INC. and )
MENZIES AVIATION U.S.A. INC. )
     Defendants. )

**SUMMONS:**

TO:    American Airlines, Inc.
        c/o Corporation Service Company
        1201 Hays Street
        Tallahassee, FL  32301

**THE STATE OF FLORIDA**
To Each Sheriff of the State:

     **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint or Petition in this action on Defendant, American Airlines, Inc., c/o Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

     Each Defendant is required to serve written defenses to the Complaint or Petition on Louis J. Muggeo, Esq. of Louis J. Muggeo & Associates, Plaintiff's attorney, whose address is 133 Washington Street, Salem, Massachusetts, within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

     DATED on    OCTOBER 27       , 2022.

(SEAL)
Louis J. Muggeo, Esq.
LOUIS J. MUGGEO & ASSOCIATES
133 Washington Street
Salem, MA  01970
(978) 741-1177 (Florida Bar #0656054)
lmuggeo@ljmassoc.com

Clerk of the Circuit and County Court
Brevard, Florida

By: _____
        Rachel M. Sadoff, Clerk

THE CIRCUIT COURT OF THE 9th
IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY, FLORIDA

CASE NO.:  05-2022-CA-050503-XXXX-XX

THOMAS WARD and CYNTHIA WARD                    )
     Plaintiffs,                                                    )
                                                                            )
VS.                                                                            )
                                                                            )
AMERICAN AIRLINES, INC. and                            )
MENZIES AVIATION U.S.A. INC.                          )
     Defendants.                                                   )

## SUMMONS:

TO:    Menzies Aviation U.S.A. Inc.
        c/o CSC
        121 Hays Street
        Tallahassee, FL  32301

**THE STATE OF FLORIDA**
To Each Sheriff of the State:

     **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint or Petition in this action on Defendant, Menzies Aviation U.S.A. Inc., c/o CSC, 1201 Hays Street, Tallahassee, FL 32301.

     Each Defendant is required to serve written defenses to the Complaint or Petition on Louis J. Muggeo, Esq. of Louis J. Muggeo & Associates, Plaintiff's attorney, whose address is 133 Washington Street, Salem, Massachusetts, within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter.  If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

     DATED on    OCTOBER 27        , 2022.

(SEAL)
Louis J. Muggeo, Esq.
LOUIS J. MUGGEO & ASSOCIATES
133 Washington Street
Salem, MA  01970
(978) 741-1177 (Florida Bar #0656054)
lmuggeo@ljmassoc.com

Clerk of the Circuit and County Court
Brevard, Florida

By: _____
        Rachel M. Sadoff, Clerk

## RETURN OF SERVICE

SHERIFF NUMBER: 22015317

**PARTY TO BE SERVED**
MENZICS AVIATION USA INC
1201 HAYS STREET
TALLAHASSEE, FL 32301

**ATTORNEY / PETITIONER**
LOUIS J MUGGEO AND ASSOCIATES
133 WASHINGTON STREET
SALEM, MA 01970

PLAINTIFF       THOMAS WARD AND CYNTHIA WARD
-VS-
DEFENDANT:      AMERICAN AIRLINES, INC AND MENZIES AVIATION USA INC

TYPE OF WRIT: SUMMONS, COMPLAINT

COURT:     CIRCUIT / BREVARD                    COURT DATE·
CASE #·    2022CA050503                         COURT TIME:

Received the above-named writ on November 1, 2022, at 4:31 PM, and SERVED the same on the 2nd day of
November 2022, at 9:30 AM.  Service was completed at 1201 HAYS STREET TALLAHASSEE, FL 32301 in
LEON County, Florida, as follows:

CORPORATE

By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and hour of
service endorsed thereon by me to wit. Dennis Ratliff  as registered agent of the within named corporation according
to Chapter 48.081 (3) and 48 091, Florida Statutes.

SERVICE COST· $40 00                        WALT MCNEIL, SHERIFF
S.W., CIVIL CLERK                           LEON COUNTY, FLORIDA

COURT.

BREVARD COUNTY CLERK OF COURT              BY:_____
P.O BOX 999                                    Process Server Mary Woodward, Badge #
TITUSVILLE, FL 32781                        1503

Case # 05-2022-CA-050503-XXXX-XX
Document Page # 9

*35742250*

Filing # 159909626 E-Filed 10/26/2022 09:30:27 AM

THE CIRCUIT COURT OF THE 9th
IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY, FLORIDA

CASE NO.:  05-2022-CA-050503-XXXX-XX

THOMAS WARD and CYNTHIA WARD        )
    Plaintiffs,                                      )
                                      )
                                      )        1 NOV 2022 16:18 RCVD
VS.                                                  )
                                      )
AMERICAN AIRLINES, INC. and            )
MENZIES AVIATION U.S.A. INC.            )
    Defendants.                                   )

**SUMMONS:**

TO:   Menzies Aviation U.S.A. Inc.
        c/o CSC
        121 Hays Street
        Tallahassee, FL 32301

SERVED THIS ___2___ DAY OF NOV
20 22 AT 9:30 A.M _____ P.M
WALT McNEIL, SHERIFF OF LEON COUNTY FL
BY _____ MANISOS _____ D°

**THE STATE OF FLORIDA**
To Each Sheriff of the State:

      **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint or Petition in this action on Defendant, Menzies Aviation U.S.A. Inc., c/o CSC, 1201 Hays Street, Tallahassee, FL 32301.

      Each Defendant is required to serve written defenses to the Complaint or Petition on Louis J. Muggeo, Esq. of Louis J. Muggeo & Associates, Plaintiff's attorney, whose address is 133 Washington Street, Salem, Massachusetts, within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

      DATED on ___OCTOBER 27_____, 2022.

(SEAL)
Louis J. Muggeo, Esq
LOUIS J. MUGGEO & ASSOCIATES
133 Washington Street
Salem, MA 01970
(978) 741-1177 (Florida Bar #0656054)
lmuggeo@ljmassoc.com

Clerk of the Circuit and County Court
Brevard, Florida

By: _Diana Swin_____

              Rachel M. Sadoff, Clerk

Case 6:22-cv-02229-RBD-DAB  Document 1-4  Filed 12/02/22  Page 12 of 41 PageID 40

## RETURN OF SERVICE

SHERIFF NUMBER: 22015317

**PARTY TO BE SERVED**
MENZICS AVIATION USA INC
1201 HAYS STREET
TALLAHASSEE, FL 32301

**ATTORNEY / PETITIONER**
LOUIS J MUGGEO AND ASSOCIATES
133 WASHINGTON STREET
SALEM, MA 01970

PLAINTIFF:    THOMAS WARD AND CYNTHIA WARD
-VS-
DEFENDANT:    AMERICAN AIRLINES, INC AND MENZIES AVIATION USA INC

TYPE OF WRIT: SUMMONS, COMPLAINT

COURT:    CIRCUIT / BREVARD          COURT DATE:
CASE #:   2022CA050503               COURT TIME:

Received the above-named writ on November 1, 2022, at 4:31 PM, and SERVED the same on the 2nd day of
November 2022, at 9:30 AM. Service was completed at 1201 HAYS STREET TALLAHASSEE, FL 32301 in
LEON County, Florida, as follows:

CORPORATE

By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and hour of
service endorsed thereon by me to wit: Dennis Ratliff as registered agent of the within named corporation according
to Chapter 48.081 (3) and 48.091, Florida Statutes.

SERVICE COST: $40.00                     WALT MCNEIL, SHERIFF
S.W., CIVIL CLERK                        LEON COUNTY, FLORIDA

COURT:

BREVARD COUNTY CLERK OF COURT            BY:
P.O BOX 999                                   Process Server Mary Woodward, Badge #
TITUSVILLE, FL 32781                     1503

## RETURN OF SERVICE

SHERIFF NUMBER: 22015317

**PARTY TO BE SERVED**
AMERICAN AIRLINES, INC
1201 HAYS STREET
TALLAHASSEE, FL 32301

**ATTORNEY / PETITIONER**
LOUIS J MUGGEO AND ASSOCIATES
133 WASHINGTON STREET
SALEM, MA 01970

PLAINTIFF:    THOMAS WARD AND CYNTHIA WARD
    -VS-
DEFENDANT:    AMERICAN AIRLINES, INC AND MENZIES AVIATION USA INC

TYPE OF WRIT: SUMMONS, COMPLAINT

COURT:    CIRCUIT / BREVARD                    COURT DATE:
CASE #:    2022CA050503                        COURT TIME:

Received the above-named writ on November 1, 2022, at 4:27 PM, and SERVED the same on the 2nd day of November 2022, at 9:30 AM.  Service was completed at 1201 HAYS STREET TALLAHASSEE, FL 32301 in LEON County, Florida, as follows:

CORPORATE

By delivering a true copy of this writ together with a copy of the initial pleadings, if any, with the date and hour of service endorsed thereon by me to wit: Dennis Ratliff  as registered agent of the within named corporation according to Chapter 48.081 (3) and 48.091, Florida Statutes.

SERVICE COST: $40.00
S.W., CIVIL CLERK

WALT MCNEIL, SHERIFF
LEON COUNTY, FLORIDA

COURT:

BREVARD COUNTY CLERK OF COURT
P.O BOX 999
TITUSVILLE, FL 32781

BY: _____
    Process Server Mary Woodward, Badge #
1503

Filing # 159909626 E-Filed 10/26/2022 09:30:27 AM

THE CIRCUIT COURT OF THE 9th
IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY, FLORIDA

CASE NO.: 05-2022-CA-050503-XXXX-XX

THOMAS WARD and CYNTHIA WARD            )
    Plaintiffs,                                  )
                                        )
VS.                                     )
                                        )
                                        )
AMERICAN AIRLINES, INC. and             )
MENZIES AVIATION U.S.A. INC.            )
    Defendants.                                  )

**SUMMONS:**

TO:   American Airlines, Inc.
      c/o Corporation Service Company
      1201 Hays Street
      Tallahassee, FL 32301

SERVED THIS ___2___ DAY OF _NOV_
20_22_ AT _9:30_ A.M. _____ P.M
WALT McNEIL, SHERIFF OF LEON COUNTY Fl
BY _____MMN1503_____ D

**THE STATE OF FLORIDA**
To Each Sheriff of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint or
Petition in this action on Defendant, American Airlines, Inc., c/o Corporation Service Company,
1201 Hays Street, Tallahassee, FL 32301.

    Each Defendant is required to serve written defenses to the Complaint or Petition on Louis
J. Muggeo, Esq. of Louis J. Muggeo & Associates, Plaintiff's attorney, whose address is 133
Washington Street, Salem, Massachusetts, within 20 days after service of this summons on that
Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of
this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant
fails to do so, a default will be entered against that Defendant for the relief demanded in the
Complaint or Petition.

    DATED on ___OCTOBER 27___, 2022.

(SEAL)                                      Clerk of the Circuit and County Court
Louis J. Muggeo, Esq.                       Brevard, Florida
LOUIS J. MUGGEO & ASSOCIATES
133 Washington Street                       By: _____
Salem, MA 01970                                 Rachel M. Sadoff, Clerk
(978) 741-1177 (Florida Bar #0656054)
lmuggeo@ljmassoc.com



**null / ALL**
**Transmittal Number: 25828685**
**Date Processed: 11/02/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Tracy Adair<br>AMERICAN AIRLINES, INC.<br>1 Skyview Dr<br>Md 8B503<br>Fort Worth, TX 76155-1801 |

| | |
|---|---|
| **Entity:** | American Airlines, Inc.<br>Entity ID Number  4333094 |
| **Entity Served:** | American Airlines, Inc. |
| **Title of Action:** | Thomas Ward vs. American Airlines, Inc. |
| **Matter Name/ID:** | Thomas Ward vs. American Airlines, Inc. (13154370) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Brevard County Circuit Court, FL |
| **Case/Reference No:** | 05-2022-CA-050503-XXXX-XX |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 11/02/2022 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Louis J. Muggeo & Associates<br>978-741-1177 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Filing # 159909626 E-Filed 10/26/2022 09:30:27 AM

THE CIRCUIT COURT OF THE 9th
IN THE CIRCUIT COURT OF THE 18TH
JUDICIAL CIRCUIT IN AND FOR
BREVARD COUNTY, FLORIDA

CASE NO.: 05-2022-CA-050503-XXXX-XX

THOMAS WARD and CYNTHIA WARD            )
      Plaintiffs,                                          )
                                                       )
VS.                                                         )
                                                       )
AMERICAN AIRLINES, INC. and                 )
MENZIES AVIATION U.S.A. INC.                  )
      Defendants.                                         )

**SUMMONS:**

TO:   American Airlines, Inc.
      c/o Corporation Service Company
      1201 Hays Street
      Tallahassee, FL 32301

SERVED THIS _2_ DAY OF _NOV_
20_22_ AT _9:30_ A.M. _____ P.M
WALT McNEIL, SHERIFF OF LEON COUNTY FL
BY _____MUNISB3_____ DS

**THE STATE OF FLORIDA**
To Each Sheriff of the State:

     **YOU ARE COMMANDED** to serve this summons and a copy of the Complaint or Petition in this action on Defendant, American Airlines, Inc., c/o Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

     Each Defendant is required to serve written defenses to the Complaint or Petition on Louis J. Muggeo, Esq. of Louis J. Muggeo & Associates, Plaintiff's attorney, whose address is 133 Washington Street, Salem, Massachusetts, within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

     DATED on ___OCTOBER 27_____, 2022.

(SEAL)
Louis J. Muggeo, Esq.
LOUIS J. MUGGEO & ASSOCIATES
133 Washington Street
Salem, MA  01970
(978) 741-1177 (Florida Bar #0656054)
lmuggeo@ljmassoc.com

Clerk of the Circuit and County Court
Brevard, Florida

By: _Ulma Suain_
            Rachel M. Sadoff, Clerk

IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

THOMAS WARD and CYNTHIA
WARD,

      Plaintiffs,

vs.

AMERICAN AIRLINES, INC., and
MENZIES AVIATION U.S.A. INC.,

      Defendants.

_____/

CIRCUIT CIVIL DIVISION

CASE NO. 05-2022-CA-050503

### <u>NOTICE OF APPERANCE AND DESIGNATION OF E-MAIL ADDRESS</u>

PLEASE take notice that Patrick K. Dahl of the law firm of Morgan & Akins, PLLC, enters

an appearance in the above-styled case on behalf of American Airlines, Inc.

Pursuant to Fla. R. Jud. Admin. 2.516, the following are the designated e-mail addresses

for copies of all pleadings or other documents required to be served in this matter:

PRIMARY E-MAIL:      pdahl@morganakins.com

SECONDARY E-MAIL:      fileclerk@morganakins.com

[REMAINDER OF PAGE INTENTIONALLY BLANK]

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Louis J. Muggeo, Esq., Lous J. Muggeo & Associates, 133 Washington Street, Salem, MA 01970; lmuggeo@ljmassoc.com.

/s/ Patrick K. Dahl
Patrick K. Dahl, Esquire
Florida Bar No. 084109
MORGAN & AKINS, PLLC
Attorneys for American Airlines, Inc.
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (773) 209-5463
Fax: (215) 600-1303
pdahl@morganakins.com

2

IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

THOMAS WARD and CYNTHIA
WARD,

      Plaintiffs,

vs.

AMERICAN AIRLINES, INC., and
MENZIES AVIATION U.S.A. INC.,

      Defendants.

_____/

CIRCUIT CIVIL DIVISION

CASE NO. 05-2022-CA-050503

**AMERICAN'S NOTICE OF SERVING FIRST SET OF
INTERROGATORIES TO THOMAS WARD**

Defendant, American Airlines, Inc. ("American"), by and through its attorneys,

Morgan & Akins, PLLC, propound its First Set of Interrogatories to Plaintiff, Thomas

Ward, to be responded to in accordance with the definitions and instructions set forth

therein, within the time and manner prescribed by Rule 1.340 of the Florida Rules of Civil

Procedure.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

CASE NO. 05-2022-CA-050503

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Louis J. Muggeo, Esq., Lous J. Muggeo & Associates, 133 Washington Street, Salem, MA  01970; lmuggeo@ljmassoc.com.

*/s/ Patrick K. Dahl*
Patrick K. Dahl, Esquire
Florida Bar No. 084109
MORGAN & AKINS, PLLC
Attorneys for American Airlines, Inc.
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (773) 209-5463
Fax: (215) 600-1303
pdahl@morganakins.com

- 2 -

IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

THOMAS WARD and CYNTHIA
WARD,

      Plaintiffs,

vs.

AMERICAN AIRLINES, INC., and
MENZIES AVIATION U.S.A. INC.,

      Defendants.

_____/

CIRCUIT CIVIL DIVISION

CASE NO. 05-2022-CA-050503

**AMERICAN'S NOTICE OF SERVING**
**COLLATERAL SOURCE INTERROGATORIES TO THOMAS WARD**

      Defendant, American Airlines, Inc. ("American"), by and through its attorneys, Morgan & Akins, PLLC, propound its Collateral Source Interrogatories to Plaintiff, Thomas Ward, to be responded to in accordance with the definitions and instructions set forth therein, within the time and manner prescribed by Rule 1.340 of the Florida Rules of Civil Procedure.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

CASE NO. 05-2022-CA-050503

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Louis J. Muggeo, Esq., Lous J. Muggeo & Associates, 133 Washington Street, Salem, MA  01970; lmuggeo@ljmassoc.com.

/s/ Patrick K. Dahl
Patrick K. Dahl, Esquire
Florida Bar No. 084109
MORGAN & AKINS, PLLC
Attorneys for American Airlines, Inc.
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (773) 209-5463
Fax: (215) 600-1303
pdahl@morganakins.com

IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

THOMAS WARD and CYNTHIA
WARD,

      Plaintiffs,

vs.

AMERICAN AIRLINES, INC., and
MENZIES AVIATION U.S.A. INC.,

      Defendants.

_____/

CIRCUIT CIVIL DIVISION

CASE NO. 05-2022-CA-050503

**AMERICAN'S NOTICE OF SERVING**
**LOSS OF CONSORTIUM INTERROGATORIES TO CYNTHIA WARD**

Defendant, American Airlines, Inc. ("American"), by and through its attorneys,

Morgan & Akins, PLLC, propound its Loss of Consortium Interrogatories to Plaintiff,

Cynthia Ward, to be responded to in accordance with the definitions and instructions set

forth therein, within the time and manner prescribed by Rule 1.340 of the Florida Rules of

Civil Procedure.

[REMAINDER OF PAGE INTENTIONALLY BLANK]

CASE NO. 05-2022-CA-050503

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Louis J. Muggeo, Esq., Lous J. Muggeo & Associates, 133 Washington Street, Salem, MA  01970; lmuggeo@ljmassoc.com.

*/s/ Patrick K. Dahl*
Patrick K. Dahl, Esquire
Florida Bar No. 084109
MORGAN & AKINS, PLLC
Attorneys for American Airlines, Inc.
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (773) 209-5463
Fax: (215) 600-1303
pdahl@morganakins.com

IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

THOMAS WARD and CYNTHIA
WARD,

     Plaintiffs,

vs.

AMERICAN AIRLINES, INC., and
MENZIES AVIATION U.S.A. INC.,

     Defendants.

_____/

CIRCUIT CIVIL DIVISION

CASE NO. 05-2022-CA-050503

**AMERICAN'S**
**FIRST REQUEST FOR PRODUCTION TO THOMAS WARD**

PURSUANT to Rule 1.350, Fla. R. Civ. P., the Plaintiff, Thomas Ward, is hereby

requested to produce to Defendant, American Airlines, Inc. ("American"), in the time

required by Rule 1.350, in accordance with the Definitions and Instructions set forth,

below, at the offices of the undersigned counsel, the following:

**DEFINITIONS**

1.     As used herein, the term "person" shall mean a human or legal person such

as a human being, corporation, sole proprietor group or entity.

2.     As used herein, the word "documents" shall mean any writing, graphic

matter or other tangible thing, whether printed, recorded, produced by any process, or

written or produced by hand, including, but not limited to, letters, reports, other written

communications, correspondence, telegrams, memoranda, summaries, records of oral

conversations, original or preliminary notes, diaries, calendars, travel records or itineraries,

forecasts, analyses, projections, work papers, photographs, tape recordings, models,

statistical statements, graphs, laboratory and engineering reports and notebooks, charts,

plans, drawings, minutes or records of meetings, minutes or records of conferences, expres-

sions or statements of policy, lists of persons attending meetings or conferences, reports

and/or summaries of investigations, opinions or reports of consultants, appraisals,

evaluations, records, summaries of negotiations, contracts, agreements, leases, loan

agreements, brochures, pamphlets, advertisements, circulars, trade letters, press releases,

invoices, receipts, including preliminary drafts or revisions or copies of any of the

foregoing if the copy is in any way different from the original now in your possession,

CASE NO. 05-2022-CA-050503

custody or control, or the possession, custody or control of your counsel, independent public accountants, evaluation consultants, engineering consultants, agents, employees and/or persons acting on your behalf.  As used herein, "control" means actual possession, constructive possession, beneficially owning, power to obtain and ability to obtain any document.

3.     As used herein, the word "identify," when used in reference to a natural person (i.e., human being), means to state the person's full name, present (or last known) address, present (or last known) occupation or position, name of his present (or last known) employer, and the person's positions, occupations or employers during the applicable time period as herein defined.

4.     As used herein, the word "identify," when used in reference to a business or entity, means to state its full name, its present (or last known) address and its present (or last known) telephone number.

5.     As used herein, the word "identify," when used in reference to a document, means to state: (a) its date; (b) its subject and its substance; (c) its author; (d) its recipients; and (e) the type of document (e.g., letter, memorandum, telegram, chart, computer input or print-out, photograph, sound reproduction, etc.) or if the above information is not available, some other means of identifying it and its present location and the name of each of its present custodians; and if any such document was, but is no longer, in your possession or subject to your control, or in existence, state whether it is: (a) missing or lost; (b) has been destroyed; (c) has been transferred, voluntarily or involuntarily, to others; or (d) otherwise disposed of; and in each instance, explain the circumstances surrounding the authorization for disposition thereof and state the date or approximate date thereof.  In addition, if you claim any privileges (including work-product) when identifying a document, state the basis upon which the claim of privilege is made.

6.     When reference is made to any person or entity by name, that reference shall be deemed to include all of the person's agents, employees or attorneys and the entity's subsidiaries, affiliates, merged, consolidated or acquired predecessors, divisions and holding or parent companies, including present and former officers, directors, shareholders, agents, employees and attorneys.

7.     As used herein, the term "pertaining to" means referring to, reflecting, or to be related in any manner logically, factually, indirectly or directly to the matter discussed.

8.     As used herein, the term "related to" means pertaining to, concerning, regarding, involving, constituting, comprising, embodying, reflecting, analyzing, discussing, or otherwise associated with the subject matter in question.

9.     If any privilege or objection is claimed with respect to the information sought in any Request, please state (1) the nature of the privilege or objection claimed; (2)

- 2 -

CASE NO. 05-2022-CA-050503

the date, author, title, recipient and general subject matter of each such document; and (3) the basis for asserting such a privilege or objection.

10.     If you object to any of the Definitions or Instructions herein, you must do so by written response hereto.  If said written response to a Definition or Instruction is not made prior to your response to these Interrogatories, it will be presumed that you do not object to any Definition or Instruction.

## REQUEST TO PRODUCE

1.     Federal Income Tax Returns and W-2 Forms for the past five years including individual and joint tax returns.

2.     Federal Income Tax Returns for the past five years filed for any business or corporation that the Plaintiff has or has had an ownership or financial interest.

3.     A complete copy of the front and back of your driver's license.

4.     Any and all notices of claim, loss, or injury submitted by you or on your behalf to the Defendant(s) or its/their insurance carrier(s).

5.     A color copy of all pages contained within your passport, including the front and back sides of the cover.

6.     All medical bills, doctor bills, hospital bills, drug bills, nursing bills, ambulance bills, and bills for similar expenses incurred as a result of and related to the injuries which are or may be the subject matter of this lawsuit.

7.     All repair bills, and repair estimates or documents evidencing property damage incurred or being claimed as a result of the accident or incident which is the subject matter of the complaint.

8.     Laser color copies of any and all photographs in the possession of the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees which are in any manner related to the subject matter of this lawsuit, specifically including but not limited to all photographs of the parties, or the scene of the subject accident or incident. If none in your possession, but the item(s) exist, please so state, including the name and address of the party who maintains possession.

9.     Laser copies of all photographs depicting any change in the physical appearance of the Plaintiff(s) that was allegedly caused by the act or acts of the Defendants.

10.     Any and all videos in the possession of the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees which are in any manner related to

CASE NO. 05-2022-CA-050503

the subject matter of this lawsuit, specifically including but not limited to all videos, videos, or "day in the life" videos of the parties, or the scene of the subject accident or incident. If none in your possession, but the item(s) exist, please so state, including the name and address of the party who maintains possession.

11.     All medical reports received by the Plaintiff(s), Plaintiff(s)' attorneys, investigators, agents, servants, or employees, from doctors, physicians or anyone else who has examined or rendered treatment to the Plaintiff(s), for injuries incurred as a result of the accident or incident which is the subject matter of this lawsuit.

12.     All medical and hospital records for the Plaintiff for the past five years.

13.     All letters of protection issued to each and every treating physician.

14.     All documentary evidence of benefits or payments made to the Plaintiff(s) or on Plaintiff(s) behalf pursuant to Florida Statute.

15.     All documents reflecting payments made to Plaintiff(s) or on their behalf, as a result of the incident and/or damages that are the subject of this case by the following:

        A.     The United States Social Security Act; any Federal, State or Local Disability Act; any other public programs providing medical benefits or payment for medical expenses, disability or other similar benefits.

        B.     Any health, sickness or disability income insurance or other similar insurance benefits.

        C.     Any contract or agreements of any group, organization, partnership or corporation to provide, pay for or reimburse costs of hospital, medical or other health care services.

        D.     Any contractual or voluntary wage continuation plan provided by any employers of the Plaintiff(s) or any other system intended to provide wages during any period of alleged disability of the Plaintiff(s).

        E.     Any other collateral source whatsoever providing compensation as a result of the damages incurred as a result of the incident or incidents which are the subject of this claim.

16.     Any audio recordings that are in any manner related to the subject matter of this lawsuit.

17.     All statements made by this Defendant, its agents or employees, that are in the possession or control of Plaintiff(s) or Plaintiff(s)' attorneys, servants, employees or

CASE NO. 05-2022-CA-050503

agents regarding the incident complained of or in any way relating to the issues raised by the Complaint.

18.    All reports received from any experts the Plaintiff(s) intend to call at the time of trial and copies of all documents the experts have reviewed in preparation for rendering any opinions in this case.

19.    All documents that the experts have reviewed in arriving at their opinions in this case. (This request only relates to experts Plaintiff(s) intend to call at trial to testify.)

20.    All other documents in the possession or control of the Plaintiff(s) that support the Plaintiff(s)' claims that the Defendant(s) is/are liable for the damages being claimed in this case.

21.    Any and all notices of intent to collect damages from the tort-feasor directed towards any provider of collateral source payments pursuant to Florida Statute §768.76(6). Please also include proof that the notice was sent by certified or registered mail.

22.    Any statements from providers of collateral source payments that assert a right to subrogation or reimbursement pursuant to Florida Statute §768.76(7).

23.    Any correspondence sent to or received by the Plaintiff(s) from any Defendant. This request does not include any correspondence with any attorneys and is strictly limited to any correspondence between the named parties in this litigation.

24.    The Plaintiff(s)' Social Security Personal Earnings and Benefits Statement.

25.    Any and alle settlement agreements and releases with any individual or corporation that in any way relate to or arise out of the allegations that are the subject of this litigation.

26.    A copy of the first written notice of any type sent by you (or on your behalf) to the Defendant or its agents relating to this incident.

27.    Any and all statements obtained from any person pertaining to the allegations in the complaint.

28.    Any and all documents that identify any person associated with or employed by American that you spoke with on August 8, 2019.

30.    Any and all documents that reflect, refer, or pertain to your travel on August 8, 2019, including, but not limited to, tickets, boarding passes, itineraries, or the like.

- 5 -

CASE NO. 05-2022-CA-050503

31.    Any and all documents that reflect, refer, or pertain to your purchase of tickets or arrangements for travel that included travel on August 8, 2019.

32.    Any and all documents that reflect, refer, or pertain to the "advance notice" for handicap service provided to American on behalf of Thomas Ward as referenced at paragraph 10 of the Complaint.

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Louis J. Muggeo, Esq., Lous J. Muggeo & Associates, 133 Washington Street, Salem, MA  01970; lmuggeo@ljmassoc.com.

/s/ Patrick K. Dahl
Patrick K. Dahl, Esquire
Florida Bar No. 084109
MORGAN & AKINS, PLLC
Attorneys for American Airlines, Inc.
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (773) 209-5463
Fax: (215) 600-1303
pdahl@morganakins.com

IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

THOMAS WARD and CYNTHIA
WARD,

     Plaintiffs,

vs.

AMERICAN AIRLINES, INC., and
MENZIES AVIATION U.S.A. INC.,

     Defendants.

_____/

CIRCUIT CIVIL DIVISION

CASE NO. 05-2022-CA-050503

## <u>NOTICE OF TAKING DEPOSITION</u>

TO:    All counsel on the service list:

    YOU, as a party and/or attorney for the above-styled parties, are hereby notified that the undersigned in the above-styled case will take the videotaped deposition by oral examination remotely via Zoom video or similar means for purposes of discovery and for use in evidence in trial cause, or both, of:

| | |
|---|---|
| **WITNESS:** | **THOMAS WARD** |
| **DATE & TIME:** | **Monday, January 23, 2023 at 10:00 a.m.** |
| **PLACE:** | **Location available to witness with Internet access** |

    Said deposition will be taken before an authorized representative of Veritext Corporate Services (800-567-8658) and/or any officer authorized to administer oaths by the law of the State of Florida, persons who are neither a relative or employee of such attorney or counsel, and who is not financially interested in the action.

CASE NO. 05-2022-CA-050503

Said deposition is to be taken pursuant to the Florida Rules of Civil Procedure in such cases provided for discovery, use at trial and for motions. The said oral examination will continue from hour to hour and day to day until completed.

**THE REMOTE ACCESS INFORMATION WILL BE PROVIDED UPON RECEIPT**

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Louis J. Muggeo, Esq., Lous J. Muggeo & Associates, 133 Washington Street, Salem, MA 01970; lmuggeo@ljmassoc.com.

*/s/ Patrick K. Dahl*
Patrick K. Dahl, Esquire
Florida Bar No. 084109
MORGAN & AKINS, PLLC
Attorneys for American Airlines, Inc.
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (773) 209-5463
Fax: (215) 600-1303
pdahl@morganakins.com

2

IN THE CIRCUIT COURT FOR THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY, FLORIDA

THOMAS WARD and CYNTHIA
WARD,

       Plaintiffs,

vs.

AMERICAN AIRLINES, INC., and
MENZIES AVIATION U.S.A. INC.,

       Defendants.

_____ /

CIRCUIT CIVIL DIVISION

CASE NO. 05-2022-CA-050503

## NOTICE OF TAKING DEPOSITION

TO:    All counsel on the service list:

      YOU, as a party and/or attorney for the above-styled parties, are hereby notified that the

undersigned in the above-styled case will take the videotaped deposition by oral examination

remotely via Zoom video or similar means for purposes of discovery and for use in evidence in

trial cause, or both, of:

      **WITNESS:**      **CYNTHIA WARD**

      **DATE & TIME:**      **Monday, January 23, 2023 at 2:00 p.m.**

      **PLACE:**      **Location available to witness with Internet access**

      Said deposition will be taken before an authorized representative of Veritext Corporate

Services (800-567-8658) and/or any officer authorized to administer oaths by the law of the State

of Florida, persons who are neither a relative or employee of such attorney or counsel, and who is

not financially interested in the action.

CASE NO. 05-2022-CA-050503

Said deposition is to be taken pursuant to the Florida Rules of Civil Procedure in such cases provided for discovery, use at trial and for motions. The said oral examination will continue from hour to hour and day to day until completed.

**THE REMOTE ACCESS INFORMATION WILL BE PROVIDED UPON RECEIPT**

WE HEREBY CERTIFY that a copy hereof has been electronically served via Florida ePortal to: Louis J. Muggeo, Esq., Lous J. Muggeo & Associates, 133 Washington Street, Salem, MA 01970; lmuggeo@ljmassoc.com.

/s/ *Patrick K. Dahl*
Patrick K. Dahl, Esquire
Florida Bar No. 084109
MORGAN & AKINS, PLLC
Attorneys for American Airlines, Inc.
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (773) 209-5463
Fax: (215) 600-1303
pdahl@morganakins.com

2

**IN THE CIRCUIT COURT OF THE EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR BREVARD COUNTY FLORIDA**

THOMAS WARD and CYNTHIA WARD,

                Plaintiffs,

vs.

AMERICAN AIRLINES, INC. and MENZIES
AVIATION U.S.A. INC.,

                Defendants.

_____/

CASE NO. 05-2022-CA-050503

**DEFENDANT MENZIES AVIATION
U.S.A. INC.'S ANSWER TO
PLAINTIFFS' COMPLAINT**

        Defendant MENZIES AVIATION U.S.A. INC. ("Menzies"), by its undersigned counsel,

answers Plaintiffs' Complaint as follows:

        1.      Menzies lacks sufficient knowledge to respond to the allegations in paragraph 1 of

the Complaint.

        2.      Menzies lacks sufficient knowledge to respond to the allegations in paragraph 2 of

the Complaint.

        3.      Menzies lacks sufficient knowledge to respond to the allegations in paragraph 3 of

the Complaint.

        4.      Menzies denies the allegations in paragraph 4 of the Complaint, except Menzies

admits it is a foreign corporation doing business in the State of Florida.

## AS TO GENERAL ALLEGATIONS

        5.      Menzies lacks sufficient knowledge to respond to the allegations in paragraph 5 of

the Complaint.

        6.      Menzies lacks sufficient knowledge to respond to the allegations in paragraph 6 of

the Complaint, except admits Menzies generally provides aviation ground services to airlines.

7.     Menzies lacks sufficient knowledge to respond to the allegations in paragraph 7 of the Complaint.

8.     Menzies lacks sufficient knowledge to respond to the allegations in paragraph 8 of the Complaint.

9.     Menzies lacks sufficient knowledge to respond to the allegations in paragraph 9 of the Complaint.

10.     Menzies lacks sufficient knowledge to respond to the allegations in paragraph 10 of the Complaint.

11.     Menzies lacks sufficient knowledge to respond to the allegations in paragraph 11 of the Complaint.

12.     Menzies denies the allegations in paragraph 12 of the Complaint.

## AS TO COUNT I – NEGLIGENCE AGAINST
## DEFENDANT AMERICAN AIRLINES, INC.

13.     Menzies repeats and realleges as if fully set forth herein its answers to the prior paragraphs 1 through 12 of the Complaint.

14.     Menzies lacks sufficient knowledge to respond to the allegations in paragraph 14 of the Complaint and all of its subparagraphs.

15.     Menzies denies the allegations in paragraph 15 of the Complaint and all of its subparagraphs.

16.     Menzies denies the allegations in paragraph 16 of the Complaint.

## AS TO COUNT II – NEGLIGENT SUPERVISION AGAINST
## DEFENDANT AMERICAN AIRLINES, INC.

17.     Menzies repeats and realleges as if fully set forth herein its answers to the prior paragraphs 1 through 16 of the Complaint.

18.    Menzies lacks sufficient knowledge to respond to the allegations in paragraph 18 of the Complaint and all of its subparagraphs.

19.    Menzies denies the allegations in paragraph 19 of the Complaint and all of its subparagraphs.

20.    Menzies denies the allegations in paragraph 20 of the Complaint.

## AS TO COUNT III – LOSS OF CONSORTIUM

21.    Menzies repeats and realleges as if fully set forth herein its answers to the prior paragraphs 1 through 20 of the Complaint.

22.    Menzies lacks sufficient knowledge to respond to the allegations in paragraph 22 of the Complaint and all of its subparagraphs.

23.    Menzies denies the allegations in paragraph 23 of the Complaint.

## AS TO COUNT IV – NEGLIGENCE AGAINST DEFENDANT MENZIES AVIATION U.S.A., INC.

24.    Menzies repeats and realleges as if fully set forth herein its answers to the prior paragraphs 1 through 23 of the Complaint.

25.    Menzies lacks sufficient knowledge to respond to the allegations in paragraph 25 of the Complaint and all of its subparagraphs.

26.    Menzies denies the allegations in paragraph 26 of the Complaint and all of its subparagraphs.

27.    Menzies denies the allegations in paragraph 27 of the Complaint.

## AS TO COUNT IV [sic] – LOSS OF CONSORTIUM

28.    Menzies repeats and realleges as if fully set forth herein its answers to the prior paragraphs 1 through 27 of the Complaint.

29.     Menzies lacks sufficient knowledge to respond to the allegations in paragraph 29 of the Complaint and all of its subparagraphs.

30.     Menzies denies the allegations in paragraph 30 of the Complaint

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.      Plaintiffs' claims against Menzies are barred because the Complaint fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

2.      Plaintiffs' injuries and damages were directly and proximately contributed to and caused by persons or entities other than Menzies, and over whom Menzies had no control or duty to control, and Menzies is entitled to indemnity and contribution, or both, from each of said other persons or entities in an amount in direct proportion to the culpable conduct of said other persons or entities.  In compliance with *Nash v. Wells Fargo Guard Services, Inc.*, 678 So. 2d 1262 (Fla. 1996), Menzies will identify any other such persons and/or entities with as much particularity as is feasible as discovery progresses, and in sufficient time to allow plaintiff to respond.  Thus, Plaintiffs' claims should be barred or proportionately reduced by the negligent acts of such known or unknown third parties, pursuant to *Fabre v. Marin*, 623 So. 2d 1182 (Fla. 1993).  *See also* § 768.81, FLA. STAT., as amended effective June 23, 2011.

### THIRD AFFIRMATIVE DEFENSE

3.      Plaintiffs conducted themselves so carelessly and negligently so as to proximately cause or contribute to the alleged incident, injuries, and damages as alleged in the Complaint as such Plaintiffs' claims for damages are barred or reduced.

## FOURTH AFFIRMATIVE DEFENSE

4.    Plaintiffs are not entitled to recover any damages, or their recovery should be reduced because they failed to mitigate the alleged damages and/or the aggravation of their damages.

## FIFTH AFFIRMATIVE DEFENSE

5.    No act or omission on the part of Menzies either proximately caused or contributed to any injuries or damages alleged in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

6.    At all relevant times, Menzies acted reasonably, prudently, and in compliance with the applicable standard of care, if any, due and owing.

## SEVENTH AFFIRMATIVE DEFENSE

7.    Some or all of the alleged elements of damages are not recoverable under the law or the facts of the case and the amount of recovery of certain damages is limited by statute.

## EIGHTH AFFIRMATIVE DEFENSE

8.    Plaintiffs' recovery of damages and all sums of money received by judgment, settlement or otherwise, if any, should be set-off by payments made to Plaintiffs by collateral sources and any other party or non-party to this action in connection with the incident complained of and the alleged damages which are the subject of the Complaint pursuant to Florida Statute § 768.76.

## NINTH AFFIRMATIVE DEFENSE

9.    Plaintiffs' damages were caused by preexisting conditions or events other than the incident described in the Complaint and as such Menzies is not liable or responsible for their alleged injuries.

### TENTH AFFIRMATIVE DEFENSE

10.    Any damages alleged by Plaintiffs were the result of intervening or superseding events, factors, occurrences, or conditions, which were in no way caused or contributed to by Menzies.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiffs' causes of action against Menzies are barred by the Airline Deregulation Act of 1978, 49 U.S.C. § 41713, which preempts Plaintiffs' state law claims, in whole or in part.

### TWELFTH AFFIRMATIVE DEFENSE

12.    A choice of law analysis may be necessary to determine the law applicable to Plaintiffs' claims.

13.    Menzies specifically reserves the right to plead any and all additional affirmative defenses that become known to them during the course of discovery.

WHEREFORE, Defendant MENZIES AVIATION U.S.A. INC. hereby demands judgment against Plaintiffs, costs and any other relief this Court deems just and proper.

Dated: November 23, 2022

Respectfully submitted,

CONDON & FORSYTH, LLP

By: /s/ John Maggio
    John Maggio
    Florida State Bar No.: 125425
    Eli G. Burton
    Florida State Bar No.: 116142
    701 Brickell Avenue, Suite 1550
    Miami, FL 33131
    (305) 492-7303
    jmaggio@condonlaw.com
    eburton@condonlaw.com

    *Attorneys for Defendant*
    MENZIES AVIATION U.S.A. INC.