## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

THOMAS WARD; and CYNTHIA
WARD,

      Plaintiffs,

v.                                                            Case No. 6:22-cv-2229-RBD-DAB

AMERICAN AIRLINES, INC.; and
MENZIES AVIATION U.S.A, INC.,

      Defendants.

_____

### ORDER TO SHOW CAUSE

On *sua sponte* review of Defendant American Airlines Inc.'s, ("American") Notice of Removal (Doc. 1 ("Notice")), the Court is unable to determine whether it has subject matter jurisdiction.

Federal courts have the "power to decide only certain types of cases"—including cases brought based on diversity jurisdiction under 28 U.S.C. § 1332. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1260–61 (11th Cir. 2000). In such cases, the Court must ensure the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

The Notice is deficient in several respects. First, American alleges that Plaintiffs are Massachusetts citizens and relies solely on the Complaint. (Doc. 1, ¶¶ 3, 14; Doc. 1-1, ¶ 2.) Citizenship of an individual is determined by domicile,

which is established by residence plus an intent to remain. *See Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989); *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994). Here, Plaintiffs only allege that they are Massachusetts residents, and residence alone is not enough. (*See* Doc. 1-1, ¶ 2); *Taylor*, 30 F.3d at 1367. American must allege Plaintiffs' intent to remain in Massachusetts—often demonstrated by voter registration, licenses, and the like—to demonstrate domicile and thereby citizenship. *See Furnari v. Nuance Commc'ns, Inc.*, No. 6:11-cv-1119, 2011 WL 13298737, at *3 (M.D. Fla. Sept. 20, 2011); *Akkan v. Nationstar Mortg., LLC*, No. 1:16-cv-1999, 2016 WL 11260335, at *1 (N.D. Ga. Nov. 16, 2016), *adopted*, 2017 WL 382616 (N.D. Ga. Jan. 27, 2017).

Second, American asserts that the amount in controversy exceeds $75,000, relying on Plaintiffs' alleged damages for permanent injuries, lost earnings, and loss of future earning capacity, and a pre-suit demand letter. (Doc. 1, ¶¶ 17–18; Doc. 1-1, ¶¶ 16, 20, 23, 27, 30.) Where a plaintiff has not alleged a specific amount of damages, a defendant seeking removal must establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). The Court may draw reasonable inferences and deductions to determine whether Defendant has satisfied its burden. *S. Fla. Wellness v. Allstate Ins. Co.*, 745 F.3d 1312, 1315 (11th Cir. 2014). Here, the Complaint provides little to no factual allegations to support that

each type of damages American relies on are warranted, or in what amounts.[1] (*See* Doc. 1-1, ¶¶ 16, 20, 23, 27, 30.) So it is not facially apparent from the Complaint that damages exceed $75,000. *See Pretka*, 608 F.3d at 754. Pre-suit demand letters range from mere puffery to honest assessments of damages, and the defendant must prove that it is the latter. *See Golden v. Dodge-Markham Co.*, 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998); *Green v. Travelers Indem. Co.*, No. 3:11-cv-922, 2011 WL 4947499, at *3 (M.D. Fla. Oct. 18, 2011) (Dalton, J.). Here, while the $250,000 demand letter details Plaintiffs' medical costs, those costs only total a little over $20,000. (*See* Doc. 1-9.) As such, American has not plausibly alleged the requisite amount to establish jurisdiction; it must provide evidence substantiating the amount in controversy. *See* 28 U.S.C. § 1446(c)(2)(B); *Pretka*, 608 F.3d at 754; *S. Fla. Wellness*, 745 F.3d at 1315.

Accordingly, by **Wednesday, December 28, 2022**, American is **ORDERED TO SHOW CAUSE** by written response why this case should not be remanded due to deficient jurisdictional allegations. The response must be supported by evidence, which may be in the form of an affidavit or declaration under penalty of perjury. *See Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1270 (11th Cir. 2013). Failure to timely and adequately respond may result in this action being remanded.

---

[1] And according to the demand letter, Plaintiff Thomas Ward was discharged from medical services less than two months after the incident — weakening the argument that Plaintiffs are suffering from lost earnings or earning capacity. (*See* Docs. 1, 1-9.)

**DONE AND ORDERED** in Chambers in Orlando, Florida, on December 14, 2022.

ROY B. DALTON JR.
United States District Judge