UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.: 6:22-cv-2229-RBD-DAB

THOMAS WARD and CYNTHIA WARD,

    Plaintiffs,

vs.

AMERICAN AIRLINES, INC., and MENZIES AVIATION U.S.A., INC.,

    Defendants.
_____/

## **AMERICAN'S RESPONSE TO "ORDER TO SHOW CAUSE" [DE 12]**

Defendant, American Airlines, Inc. ("American"), by and through its attorneys, and pursuant to the Court's "Order to Show Cause" dated December 14, 2022 [DE 12], submits this written response. In support thereof, American states as follows:

## **INTRODUCTION**

1. On December 28, 2022, this Court ordered American to 'show cause,' in the form of a written response, establishing why this case should not be remanded due to deficient jurisdictional allegations. [DE 12, p. 3].

2. As an initial matter, the defects identified by the Court in connection with the Notice of Removal [DE 1], are procedural defects which American, as the removing defendant, must have an opportunity to cure. *Corporate Mgmnt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296-98 (11th Cir. 2009) (allegation of residency rather than citizenship in a notice of removal alleging diversity jurisdiction is a procedural defect which the removing defendant must

have an opportunity to cure); *see also Hardenbrook v. Irwin*, , No. 8:09-CV-2542-T-27TBM, 2010 U.S. Dist. LEXIS 163504, at *5 (M.D. Fla. May 25, 2010).

3. As reflected in the accompanying submissions, remanding this matter due to a perceived lack of subject matter jurisdiction would be inappropriate. Available information concerning the Plaintiffs' reflects that they are citizens and domiciliaries of the Commonwealth of Massachusetts. In addition, despite the Court's subjective belief concerning the value of Plaintiffs' claims, recent reported and published verdicts involving claims with similar, or in certain cases substantially smaller past medical specials components is indicative that the amount in controversy exceeds the jurisdictional threshold.

## ARGUMENT

**I.     COMPLETE DIVERSITY EXISTS - PLAINTIFFS' ARE CITIZENS OF THE COMMONWEALTH OF PENNSYLVANIA**

4. In the Order to Show Cause, the Court questioned the sufficiency of the evidence concerning Plaintiffs' citizenship. [DE 12, p. 2]. In particular, the Court indicated that "American must allege Plaintiffs' intent to remain in Massachusetts – often demonstrated by voter registration, licenses, and the like – to demonstrate domicile and thereby citizenship." [DE 12, p. 2].

5. A court makes its determination as to a party's domicile by reviewing several types of evidence, including but not limited to, the party's affidavit, deposition testimony, driver's license, tax returns, banking statements, medical records, utility phone bills, employment records, vehicle registration, professional licenses, membership in religious and business organizations, location of real property, and place of employment. *Estate of Cochran v. Marshall*, No. 8:17-cv-1700-T-36TGW, 2017 U.S. Dist. LEXIS 196537, at *5 (M.D. Fla. Nov. 30, 2017). Based upon those factors, the Plaintiffs are Massachusetts domiciliaries and citizens.

6. With respect to Thomas Ward ("Thomas"), available information reflects that he is a Massachusetts citizen. Records maintained by the Commonwealth of Massachusetts reflect that Thomas is a registered voter in the Commonwealth of Massachusetts. (Ex. A, T. Ward Voter Registration Status). Thomas maintains a Class D driver's license issued by the Commonwealth of Massachusetts on February 19, 2019 and expiring in February 2024. (Ex. B, T. Ward Driver Information).[1] Further records reveal that Thomas registered a 2021 Honda HR-V on August 1, 2021, with the vehicle registration expiring on August 1, 2023. (Ex. C, T. Ward Vehicle Registration). With the exception of the medical bills generated on the day of the incident,[2] all medical bills associated with the treatment in connection with Thomas' claimed injuries were provided by healthcare providers in Massachusetts. (Ex. D, Aug. 12, 2020 Demand, p. 3). Further, as reflected in the demand correspondence, Thomas "was forced to remain in Florida overnight before returning home [to Massachusetts] 8/9/19. (Ex. D, p. 4) (emphasis added). As such, with respect to Thomas, the available evidence reflects that Thomas is a Massachusetts domiciliary and, therefore, a Massachusetts citizen.

---

[1] Evidence concerning vehicle licensure and vehicle registrations has been obtained through LexisNexis Person Search Documentation as opposed to certified records from the State of Massachusetts. This was necessitated due to: (i) the fourteen (14) day response deadline with the accompanying intervening holiday issues; and (ii) the fact that Plaintiffs had not responded to discovery prior to removal, hand not appeared in this action or provided Rule 26 initial disclosures as a result, and, therefore, information required to obtain additional materials from alternative sources was not available.

[2] The incident reportedly occurred on August 8, 2019. [DE 1-1, ¶ 8].

7. With respect to Cynthia Ward ("Cynthia"), available information reflects that she is a Massachusetts citizen. Records maintained by the Commonwealth of Massachusetts reflect that Cynthia is a registered voter in the Commonwealth of Massachusetts. (Ex. E, C. Ward Voter Registration Status). Cynthia maintains a Class D driver's license issued by the Commonwealth of Massachusetts on March 27, 2019 and expiring in May 2023. (Ex. F, C. Ward Driver Information). Further records reveal that Cynthia registered a 2017 Toyota Highlander on July 7, 2021, with the vehicle registration expiring on July 7, 2022. (Ex. G, C. Ward Vehicle Registration). As such, with respect to Cynthia, the available evidence reflects that Cynthia is a Massachusetts domiciliary and, therefore, a Massachusetts citizen.

8. The Defendants are both corporations. [DE 1, ¶ 3]. Both American and the co-defendant, Menzies Aviation U.S.A., Inc., are Delaware corporations with their respective principal places of business located in Forth Worth, Texas. [DE 1, ¶ 3]. As such, they are citizens of Texas and Delaware. *See* 28 U.S.C. §1332(c)(1).

9. Therefore, as the Plaintiffs are residents, domiciliaries and citizens of Massachusetts, and the Defendants are citizens of Texas and Delaware, complete diversity exists and this matter should not be remanded on that jurisdictional basis.

II. **THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED – RECENT REPORTED VERDICTS SUPPORT THE REASONABLE INFERENCE AND DEDUCTION THAT PLAINTIFFS COULD RECOVER IN EXCESS OF $75,000 DESPITE THE RELATIVELY MOST PAST MEDICAL SPECIALS**

10. In the Order to Show Cause, the Court suggest that "American has not plausibly alleged the requisite amount to establish jurisdiction," and ordered that American must provide evidence substantiating the amount in controversy. [DE 12, p. 3]. According to the Court, Thomas'

total medical costs of only "a little over $20,000," coupled with the indication that Ward had been discharged from care reflects that the amount in controversy requirement cannot be satisfied. [DE 12, p. 3; n. 1]. With all due respect to the Court, the demand, the Complaint's allegations, and reported jury verdicts suggest that the Court's conclusion is incorrect.

11. Plaintiffs' $250,000 Demand was submitted in August, 2020, more than two years before suit was filed. (Ex. D). Plaintiffs' subsequently filed suit in which they claimed, not simply the past medical expenses presumably referenced in the August 2020 Demand, but damages including "future expense of hospitalization," associated with the claimed injury – something not present in the the 2020 Demand. [DE 1-1, Compl., ¶ 20]. Stated differently, the August 2020 demand set a floor – as reflected in the Complaint, the damages expanded to include, now, among other things, future medical care.

12. Similar reported verdicts and settlements reflect that even relatively low past medical specials, even in circumstances where treatment has concluded, is not indicative of a low verdict or resolution and support the conclusion that the amount-in-controversy requirement has been satisfied.

13. For example, in 2014, in *Trujillo v. TD Medical, Inc.*, a Miami-Dade County Jury awarded plaintiff $807,600 in connection with a personal injury claim. (Ex. H, *Trujillo* Lexis Summary; Ex. I, *Trujillo* Verdict). In *Trujillo*, the Plaintiff suffered a right femur fracture that did not require surgery and healed on its own. (Ex. H). The total past medical specials totaled only $7,100. (Ex. H; Ex. I). Yet, without any future medical treatment required, and only $7,100 in past medicals, a Florida Jury awarded over $800,000.

14. More recently, in December 2022, a Leon County Jury, in *Thompson v. Radiology Associates of Tallahassee*, awarded over $600,000 to an individual who sustained a shoulder

injury. (Ex. J, *Thompson* Lexis Summary; Ex. K, *Thompson* Verdict). In *Thompson*, the Plaintiff incurred past medical specials totaling only $28,909.74, but the ultimate pain and suffering award was $500,000. (Ex. J, Ex. K).

15.     On July 25, 2022, a Plaintiff with only $6,107 in past medical expenses for a broken collarbone that presumably healed without surgical intervention was awarded $934,371 and none of that damages award consisted of punitive damages. (Ex. L, *Baldera* Lexis Summary).

15.     Although this Court may believe that a $250,000 demand based upon past medical specials of a litter over $20,000 is not plausible, recent verdicts reflect that the driving factor is not the past medical specials but, rather the pain and suffering damages component that bears little connection to the past medical specials. Here, in addition to seeking recovery for past medical expenses, Thomas has expressly sought damages for "pain and suffering," "disability," and "mental anguish," the non-economic components that were the substantial driving factor for the substantial verdicts identified, above.

16.     In the instant matter, Plaintiffs demanded $250,000 pre-suit. (Ex. D). That demand was based upon Thomas' medical bills totaling in excess of $20,000. (Ex. D). Plaintiffs' filed suit seeking damages for "bodily injuries," "pain and suffering," "disability," "mental anguish," "loss of ability to for the enjoyment of life," and, now, for future medical bills. [DE 1-1, Compl., ¶ 20]. Despite this, it has been suggested that "American has not plausibly alleged the requisite amount to establish jurisdiction…" [DE 12, p. 3]. But, such a potential recovery only becomes implausible should one choose to ignore the fact that similar cases, involving similar damages and medical specials have resulted in verdicts well in excess of the jurisdictional threshold. As such, the amount in controversy requirement has been satisfied.

CASE NO.: 6:22-cv-2229-RBD-DAB

## **CONCLUSION**

17. The Order to Show Cause raised questions regarding the Plaintiffs' citizenship and the ability to satisfy the amount in controversy. The evidence proffered establishes the Plaintiffs' citizenship and the diversity of the parties. In addition, American has offered evidence and a foundation upon which to reasonably conclude that the amount in controversy has been satisfied. As such, this matter should not be remanded and the matter allowed to proceed before this Court.

Dated: December 28, 2022

Respectfully submitted,

*/s/ Patrick K. Dahl*
Patrick K. Dahl, Esquire (084109)
pdahl@morganakins.com
Florida Bar No. 084109
MORGAN & AKINS, PLLC
Attorneys for American Airlines, Inc.
501 E. Las Olas Boulevard
Suite 300
Ft. Lauderdale, FL 33301
Phone: (754) 255-3010
Fax: (215) 600-1303

CASE NO.: 6:22-cv-2229-RBD-DAB

## **CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system on December 28, 2022, and the foregoing document is being served this day on all counsel or parties of record on the Service List below, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing.

                                    /s/ Patrick K Dahl
                                 Patrick K. Dahl, Esquire

## **SERVICE LIST**

Louis J. Muggeo, Esq.
LOUIS J. MUGGEO & ASSOCIATES
133 Washington Street
Salem, MA  01970
lmuggeo@ljmassoc.com

John Maggio, Esq.
Eli G. Burton, Esq.
Condon & Forsyth, LLP
701 Brickell Avenue
Suite 1550
Miami, FL  33131
jmaggio@condonlaw.com
eburton@condonlaw.com