UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

THOMAS WARD; and CYNTHIA WARD,

    Plaintiffs,

v.                            Case No. 6:22-cv-2229-RBD-DAB

AMERICAN AIRLINES, INC.; and
MENZIES AVIATION U.S.A, INC.,

    Defendants.
_____

**ORDER**

This cause is before the Court after it issued an Order to Show Cause as to why the case should not be remanded for deficient jurisdictional allegations. (Doc. 12 ("OSC").) Defendant American Airlines, Inc. ("American") removed this action under diversity jurisdiction but failed to provide sufficient evidence in the Notice of Removal (Doc. 1 ("NOR")) of Plaintiffs' domicile or the amount in controversy. (*See* Doc. 12.) American now responds to the OSC (Doc. 15), but does not alleviate the Court's concern regarding the amount in controversy. So the matter is due to be remanded.[1]

---

[1] As to diversity of citizenship, American provided Plaintiffs' voter registration, driver's licenses, and motor vehicle registrations to establish that Plaintiffs are domiciled in Massachusetts, so there is complete diversity. (*See* Docs. 15-1, 15-2, 15-3, 15-5, 15-6, 15-7.)

A removing defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010). Removal is strictly construed such that any doubt is resolved in favor of remand. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999).

Here, American supplies jury verdicts from "similar" state court cases for sums greater than $75,000 as additional evidence that the amount in controversy exceeds $75,000.[2] (Doc. 15, ¶¶ 12–15.) But courts have "question[ed] whether such general evidence is ever of much use in establishing the value of claims in any one particular suit." *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1221 (11th Cir. 2007); *see Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003). And district courts have found this type of evidence of no use, both independently and in connection with other evidence, in establishing amount in controversy. *See, e.g.*, *Gallon v. Harbor Freight Tools USA, Inc.*, No. 8:17-cv-520, 2017 WL 1291072, at *3 (M.D. Fla. Apr. 7, 2017); *Parham v. Osmond*, No. 8:19-cv-592, 2019 WL 3822193, at *3 (M.D. Fla. Aug. 15, 2019). Because this is the only additional evidence American provides to substantiate the amount in controversy, American failed to

---

[2] In the NOR, American provided a pre-suit demand letter for $250,000 and documented medical expenses of a little over $20,000 to establish that the amount in controversy exceeds $75,000. (Doc. 1, ¶¶ 17–18; Doc. 1-1, ¶¶ 16, 20, 23, 27, 30; Doc. 1-9.) The Court found this to be insufficient. (*See* Doc. 12.)

meet its burden and remand is warranted. *See Pretka*, 608 F.3d at 752; *Univ. of S. Ala.*, 168 F.3d at 411.

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. The OSC (Doc. 12) is **DISCHARGED**.

2. This case is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit in and for Brevard County, Florida.

3. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 19, 2023.

ROY B. DALTON JR.
United States District Judge